B. S. WILLIAMS, *Plaintiff in Error,* v. A. Y. HAMPTON, *Defendant in Error.*

1. The plea of not guilty to a declaration in an action brought to recover the possession of personal property alleged to be wrongfully detained only puts in issue the right of the plaintiff to the possession, and the wrongful detention thereof when the taking thereof is not alleged to be wrongful; and when it is shown that the property was originally put into the possession of the defendant by the plaintiff under a written conditional sale, it is not competent for the defendant under that plea to show that at the time of the sale sundry promises and agreements were made by the plaintiff, not contained in the written contract.

2. Under section 2171 General Statutes of 1906, the action of replevin lies for the wrongful detention of goods and chattels.

3. Where in an action to recover the possession of goods and chattels it is alleged in the declaration that the property was detained in Taylor county, and there is no plea denying that fact, and no evidence showing it was not detained in that county, an assignment of error based on the absence of affirmative proof of that fact can not be sustained.  \

4. In an action to recover the possession of goods and chattels, it is not necessary for the plaintiff to prove a demand for the property before suit, where it appears from the plea and evidence of the defendant that he claimed the ownership of the property, especially when no such defense is made by plea.

5. Where in an action to recover the possession of personal property no special claim is made in the declaration for attorneys' fees, but the written conditional sale under which the defendant received possession of the property and agreed to pay therefor, contains a promise by the defendant to pay attorneys' fees, and no objection was made by the defendant at the trial to the proof

of reasonable attorneys' fees, an assignment based on the admission of such proof will not be sustained.

6. In an action for the wrongful detention of personal property, a contention that there was no proof that the property had not been taken for taxes, etc., as provided in section 2172 General Statutes of 1906, can not be sustained, when it plainly appears, from the testimony how the property came into the possession of the defendant, and that none of the limitations of the scope of replevin provided for in said section existed in the case.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Plaintiff in Error;

*H. J. McCall* and *S. S. Sanford,* for Defendant in Error.

HOCKER, J.—In February, 1908, A. Y. Hampton brought an action against B. S. Williams in the Circuit Court of Taylor county to recover the possession of one Frick Saw Mill and fixtures, with one Eclipse Engine, 25 horse power, and one 3 horse power boiler, together with all tools, belting and cant hooks, and other fixtures belonging thereto, alleging, among other things, that said property belonged to plaintiff; that it was wrongfully withheld, and that he was entitled to the immediate possession of the same. The declaration also alleges that the property was wrongfully detained in Taylor county, was worth $450, and claims $75.00 damages.

A plea of not guilty was filed, and also a special plea setting up certain promises and undertakings of the plaintiff, when the sale of the mill was made.

A demurrer was interposed to this plea and sustained, but no assignment of error based on this ruling is argued

here. On the trial a verdict was rendered for the plaintiff as to the saw mill, &c., and also for $35.00 attorneys' fees.

On the trial the plaintiff Hampton introduced in evidence the following contract between himself and the defendant Williams:

"$250.00.    Perry, Florida, August 22, 1907.

On or before January first, A. D. 1908, for value received I promise to A. Y. Hampton the sum of $250.00 (two hundred and fifty dollars) payable at First National Bank of Perry, Florida, with interest thereon after maturity at the rate of ten per cent. per annum till paid, without relief from appraisement, stay or exemption laws. The drawer and endorsers hereof severally waive presentment for payment protest and notice of non-payment and protest of this note; and it is agreed by the makers, endorsers payees hereof that this note is given in payment for one Frick saw mill and fixtures, together with one Eclipse engine, twenty-five horse power, and one thirty horse power boiler with all tools, belting and cant hooks and other fixtures, belonging thereto, which said saw mill and outfit is this day sold by the payee hereof to the maker hereof upon the express condition and agreement that the title to the said machinery is and does remain in the said A. Y. Hampton until this note is fully paid, and if not paid at maturity, the right of possession of the said machinery shall be in the said A. Y. Hampton, and in case of default in the payment of any part of said amount when due the said A. Y. Hampton shall have the right to enter upon the premises of the said payer of this note, B. S. Williams, and take possession of the said machinery without process of law. It is further provided and expressly agreed by the maker of this note that if this note be placed in the hands of an attorney for collec

tion after it is due, then the said maker, B. S. Williams, shall pay all costs for collection, together with a reasonable amount for attorneys' fees for collection.

Witnsss my hand and seal at Perry, Florida, this the date above first written.

Attest:                    B. S. Williams.        Seal.

    S. S. Sanford,

    W. B. Davis."

The plaintiff also testified that he made the trade shown in the contract with B. S. Williams on the 22nd of August, 1907; that the property therein described was turned over to Williams under the contract; that there was no other contract, and that Williams has not paid the amount named in the contract; that Williams paid $500 when the property was turned over to him. The defendant admitted making the contract and undertook to show by himself and other witnesses that at the time of the sale to him sundry promises and agreements were made by Hampton with him with regard to the latter furnishing certain portions of the saw mill in lieu of those already attached to it. These questions were objected to and the objections were sustained, and these are assigned as error.

We discover no error in these rulings. The only plea in the case was not guilty, and under the statute (§2185 General Statutes of 1906) this plea only puts in issue the right of the plaintiff to the possession of the property described in the declaration and the wrongful taking and detention thereof. The matters undertaken to be proven, if otherwise permissible, were not embraced in the plea.

The defendant undertook to prove a conversation between himself and W. L. Weaver, Cashier of the First National Bank of Perry while the bank owned the note and contract in evidence after the same became due.

Weaver testified that the conversation was with reference to the fixtures. The plaintiff objected to this conversation and the objection was sustained. This ruling is assigned as error. What the defendant expected to prove is not stated; but is seems to us the ruling was entirely correct. The matter sought was not within the issues and was self serving.

Another proposition advanced here by the plaintiff in error is that the evidence not only fails to show that the property was wrongfully taken, but affirmatively shows it was not—and that a wrongful taking must be shown in replevin. Under our statute (§2171 General Statutes of 1906) the action of replevin lies for the wrongful detention of goods and chattels.

Another contention is that it was not shown the property was detained in Taylor county. The declaration alleges it was detained in Taylor county and there was no plea denying that fact, and no evidence showing it was not.

Another contention is that no demand for the property was made by the plaintiff. It is clear from the plea of the defendant, and the evidence offered by him, that he claimed the ownership of the property in dispute. Moreover he made no such defense by plea, accompanied by an offer to surrender the property. Webster v. Brunswick-Balke Callender Co., 37 Fla. 433, 20 South, Rep. 536.

Another contention is that there is no claim of attorneys' fees in the declaration ,and that it was fatally erroneous to permit proof thereof. The written agreement shows that defendant agreed to pay attorneys' fees, and when the plaintiff made proof of reasonable attorneys' fees the defendant did not object. If objection had been made, the declaration might have been

amended. We do not think this assignment shows reversible error.

There is also a contention there was no proof that the property was not taken for taxes, &c., as provided in the limitations of the scope of replevin in section 2172 General Statutes of 1906. It is sufficient to say there is no proof of the existence of any one of these limitations, but the inferences are to the contrary. The written agreement and the testimony of both plaintiff and defendant show plainly how the property came into the possession of the defendant. We think the evidence was sufficient to sustain the verdict.

The foregoing seems to be all the questions raised by the assignments of errors which are argued here. The judgment below is affirmed at the cost of plaintiff in error.

All concur.