DOWLING-SHANDS LUMBER COMPANY, A CORPORATION, *Plaintiff in Error, v.* J. E. HOGARTH, *Defendant in Error.*

Opinion filed January 4, 1918.

Where it is alleged that a defendant corporation "did so carelessly and negligently run its locomotive and train of cars in, upon and against and killed" live stock of the plaintiff, and double damages and attorney fees are claimed under the statute, a plea of not guilty presents an issue merely of a wrongful act; and where there is evidence tending to show the plaintiff's live stock was killed by the defendant's railroad trains, and there is sufficient testimony as to the value to sustain the verdict, a judgment for the plaintiff under the statute allowing double damages and attorney fees for live stock killed or injured "upon any railroad in this State by the engine, train or cars 'of any company or person or persons owning or operating the said railroad, said road not being fenced," etc., will not be reversed, there being no issue as to or action taken to contest the liability of the defendant to double damages and attorney fees under the statute.

Writ of Error to Circuit Court for Clay County, George Couper Gibbs, Judge.

Judgment affirmed.

*Carter & McCollum* and *John T. Crawley,* for Plaintiff in Error;

*L. E. Wade,* for Defendant in Error.

WHITFIELD, J.—The declaration herein alleges "that on or about December 15, 1914, in the County and State aforesaid, the Defendant carelessly and negligently without due precaution and regard for the property of others, and not having its track fenced as the law provides in such cases, did operate its locomotive and train of cars under a head of steam by its servants in said County upon its track and did so carelessly and negligently run its locomotive and train of cars in upon and against and killed three head of cows of the value of thirty-five dollars each, the property, goods and chattels of Plaintiff amounting in value to the sum of one hundred and five dollars, at or near Peters' Creek in said County, on the said tram road or track of the Defendant so operating a tram road as aforesaid, and then and there carelessly and negligently killed said three head of cows of the value of one hundred and five dollars; also at the same time and place in like manner did kill one yearling of the value of fifteen dollars, all of the goods, chattels and property of the said Plaintiff, being the sum total of cattle so carelessly and negligently killed in the value of one hundred and twenty dollars, which the Plaintiff upon the 7th day of August, 1915, in writing served notice upon the Defendant, at its office in Green Cove Springs, Florida, a copy whereof is hereto attached and made a part hereof, demanding the payment of said sum of money within sixty days as the law provides in such cases. And the defendant failing to pay the same or any part thereof, therefore, the Plaintiff sues the Defendant and claims double damages, and a reasonable attorneys' fee, in the sum of Two Hundred Dollars and costs."

Trial was had on a plea of not guilty, and upon a verdict for the plaintiff for "the value of the four cattle

killed at $120.00," judgment for $200.00 and $25.00 attorney fees was rendered under the statute allowing double damages and attorney fee, the *ad damnum* clause in the declaration limiting the recovery to $200.00. A writ of error was taken by the defendant company.

Under the plea of not guilty the issue presented was the breach of duty or wrongful act alleged to have been committed by the defendant. Other matters should be specially pleaded. See Rule 71 Circuit Court Rules, Law Actions; Crawley's Compiled Rules of Practice 34; Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516.

There was no special plea to present an issue as to whether the defendant owned or operated a railroad or railway within the meaning of the statute providing for the recovery herein sought when live stock is killed or injured "upon any railroad in this State by the engine, train or cars of any company or person or persons owning or operating the said railroad, said road not being fenced," &c. Secs. 2871-2875 Gen. Stats. 1906, Compiled Laws 1914. These sections differ from section 3148 General Statutes of 1906, which is confined to "a railroad company." See Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 South. Rep. 904; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552. See also Grace v. Geneva Lumber Co., 71 Fla. 31.

Evidence was adduced tending to show that the stock was killed by the defendant's railroad trains; and there is sufficient testimony as to value to sustain the verdict.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., dissents.