JOE B. JOHNSON, *Plaintiff in Error*, V. FLORIDA BREWING COMPANY, A CORPORATION, *Defendant in Error*.

En Banc.

Opinion Filed July 15, 1925.

1. A bailee has such a special property in the goods or chattels intrusted to his charge that he may maintain an action for damage thereto.

2. In an action in trespass on the case, wherein a recovery is sought for a wrongful injury to a chattel, the plea of "not guilty" does not deny ownership of the chattel as alleged in the declaration.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Hilton S. Hampton* and *John W. Bull*, for Plaintiff in Error.

*Jackson & Dupree*, for Defendant in Error.

STRUM, J.—This is an action of trespass on the case instituted by plaintiff in error against defendant in error, wherein the former seeks to recover damages for the alleged negligence of the latter in causing a heavy truck, driven by an agent of defendant in error, to collide with a certain Buick automobile then being operated by an agent of plaintiff in error, by means whereof it is alleged that the Buick automobile was crushed and destroyed.

The declaration alleges that plaintiff in error, plaintiff below, "was the owner" of the Buick automobile referred to at the time of the alleged injury thereto. The defendant

filed two pleas, one of "Not Guilty" and the other alleging contributory negligence on the part of the plaintiff. Issue was joined on such pleas.

On the day the case was set for trial, but before the trial had commenced, plaintiff moved to amend his declaration by inserting after the word "owner" the words "as bailee," counsel for plaintiff stating to the court that he had just discovered in going over the cause with the plaintiff, preparatory for trial, that the ownership of plaintiff was that of a bailee. The motion was denied.

A jury was waived by agreement of the parties, and the cause was thereupon heard by the court. Plaintiff's evidence disclosed that two or three weeks prior to the collision complained of, plaintiff, who was a local dealer in Buick automobiles, had sold the automobile in question to one E. K. Nelson; that the latter had delivered the car to plaintiff on the day of the collision to have the same adjusted and some additional equipment installed; that while plaintiff's agent had the car out adjusting it, the collision with the defendant's truck occurred; that plaintiff had complete possession of the car and was responsible to the owner for it. At that point in the testimony, the court remarked: "That testimony proves positively that he (the plaintiff) was bailee for Mr. Nelson."

At the conclusion of plaintiff's evidence, defendant moved the court to find a verdict for the defendant upon the ground "that there was a material variance between the testimony of the plaintiff and the declaration, the declaration alleging that Joe B. Johnson as the owner of the car, and the testimony disclosing that he was but a bailee of the car, and he therefore could not maintain said action in its present form." The motion was granted. A motion for a new trial was denied and final judgment entered for defendant. To that judgment this writ of error is taken.

A bailee has such special property in the goods or chattels intrusted to his charge that he may maintain an action for damage thereto. Any one having a special interest in the goods or chattels may maintain the action. Thus a factor, a broker, a warehouseman, a carrier, or any person employed to perform a service in respect to the goods or chattels of another with which he is intrusted for that purpose, may maintain an action for the recovery of them, or for any damage done them while he has charge thereof. Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, 50 South. Rep. 634; Florida East Coast R. Co. v. Peters, 72 Fla. 311, South. Rep. 151.

It has been held in such an action that the usual mode of pleading is for the declaration to allege ownership by the plaintiff, and that any proof of ownership which will support the action of trespass will be sufficient under such an allegation to entitle the plaintiff to recover; that the mere right of possession being sufficient to maintain the action against every one but the owner of the legal title, the allegation that the plaintiff is the owner is well made out by merely proving his right of possession as bailee. Rocker v. Perkins, 6 Mackey (D. C.) 379. See also 21 Ency. Pl. & Pr. 827.

It is unnecessary, however, for us to here decide whether or not there was a variance between such allegation and proof, because the plaintiff's title to or ownership of the Buick automobile is not in issue.

Rule 71 of the Circuit Courts in common law actions, found in the preface of 14th Florida, at page 22, provides: "In actions for *torts,* the plea of Not Guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and *no other defense*

than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration.'' (Italics supplied.)

In an action of this character, the plea of ''not guilty'' does not deny ownership of the property as alleged in the declartion. If defendant desired to put in issue the question of plaintiff's ownership, it should have filed a special plea in denial thereof. Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, text 158, 50 South. Rep. 634; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 433, 43 South. Rep. 318, text 328. Not being so denied, plaintiff's allegation of ownership is admitted. Tison v. Broward, 17 Fla. 465; Clark v. United Grocery Co., 69 Fla. 624, 68 South. Rep. 766; Atlantic Coast Line R. Co. v. Crosby, *supra.* This being true, there was nothing upon which the variance suggested by the motion could be predicated.

Under the issues as made, the defendant's motion to find in its favor upon the ground stated should have been denied. Although the evidence introduced by plaintiff as to the negligence and wrongful act of the defendant is very meagre, it is not so deficient that, as a matter of law, no recovery could be lawfully had upon any view taken of the facts that such evidence tends to establish. It was therefore error to grant the motion and enter judgment for the defendant.

Judgment reversed.

WEST, C. J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J. J., concur.