L. B. McLEOD CONSTRUCTION COMPANY, a corporation, P. F. CONNELLY, doing business as P. F. CONNELLY PAVING COMPANY, and V. KEMP, *Plaintiffs in Error,* v. RALPH J. COOPER, *Defendant in Error.*

Division A.

442

Opinion filed May 4, 1931.
Petition for rehearing denied June 2, 1931.

*John R. Willis, E. G. Baxter, E. A. Clayton* and *Hampton & Bull,* Attorneys for the Plaintiffs in Error;

*Gov Hutchinson* and *Wm. E. Rivers,* Attorneys for the Defendants in Error.

BROWN, J.—Defendant in error recovered a judgment for damages in the court below against the plaintiffs in error to which the latter took writ of error. The amended declaration alleged that while the plaintiff was walking across the highway at a certain place, the defendants, by and through their agent, servant and employee, who was then and there acting in the course of his employment, carelessly and negligently propelled and ran an automobile with great force and violence against and upon the plaintiff, whereby plaintiff was wounded, etc.

The defendants filed two pleas, one the general issue of "not guilty" and the other a plea of contributory negligence. The latter plea merely charged "that the plaintiff was guilty of contributory negligence and that the negligence and carelessness of the plaintiff contributed to the accident set forth, mentioned and alleged in the plaintiff's amended declaration." To this latter plea a demurrer was interposed by the plaintiff, which was sustained by the court. This ruling is assigned as error.

There was no error in this ruling of the trial Judge. The purported plea of contributory negligence only alleged conclusions of the pleader and did not set forth any specific fact upon which the plaintiff could take issue.

This court has been very liberal in upholding the sufficiency of declarations in actions to recover damages for negligence and it has frequently held that such a declaration is sufficient when it contains an allegation of sufficient acts causing the injury, coupled with the averment that such acts were negligently done. See Seaboard Air Line Ry. Co. v. Rentz, 60 Fla. 429, 54 So. 13; Kneeland v. Tampa Northern R. R. Co., 94 Fla. 702, 116 So. 48; and in Woodcock v. Wilcox, 98 Fla. 14, 122 So., 789, it was held that an allegation of the particular act or omission causing the injury, coupled with the averment that it was negligently done or omitted, was a sufficient allegation of negligence. Applying this principle to a plea of contributory negligence, it would seem that such a plea should at least allege some act or omission of the plaintiff which contributed to causing the injury complained of, together with the allegation that such act or omission was negligently done or negligently omitted to be done. Many courts go somewhat farther than this, and require the defendant to set out quite fully the facts which constitute the contributory negligence on the part of the plaintiff. 45 C. J. 1121. It is therefore plain that the court below was correct in sustaining the demurrer.

Even if there had been error in this ruling, it would have been error without injury, because the court permitted the defendants to introduce evidence tending to show contributory negligence on the part of the plaintiff and submitted that issue by appropriate instructions to the jury. No doubt the learned trial Judge had in mind the rule which has frequently been stated by this court that while contributory negligence is generally a defense that should be pleaded and proven by the defendant, yet if the circumstances shown by the plaintiff, or shown by the

defendant without objection, indicate contributory negligence, the defendant is entitled to the benefit of the rules of law applicable to such circumstances Fla. East Coast R. R. Co. v. Geiger, 64 Fla. 282, 60 So. 753; Tampa and G. C. R. Co. vs. Lynch, 108 So., 560, 91 Fla. 375.

It is also contended that the trial court erred in holding that the plea of not guilty admitted that the driver of the automobile was the agent of the three defendants who were jointly sued and who jointly interposed the plea of "not guilty". We cannot see that the court was in error in so holding. This question was discussed in the recent case of Smith v. Coleman, 132 So. 198, and a conclusion reached which sustains the position taken by the court below. Rule 71 of Circuit Court Practice as amended by Act of 1921, (See last paragraph of Section 4333 C.G.L.) reads as follows:

> "In actions for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration; and where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty."

If the defendants desired to take issue upon the allegation that the driver of the automobile was the agent and employee of all of the defendants, they should have filed a plea duly setting up such denial and taking issue upon that "particular matter of fact alleged in the declaration."

The relationship of agency which the declaration alleged to exist between all of the defendants and the driver of the automobile was not put in issue by the plea of not guilty, and not having been denied by any other plea, it must be considered as having been admitted by the defendants for the purposes of the trial, thus rendering irrelevant and inadmissible evidence tending to show that such driver was the agent of only one of the defendants.

The contention of plaintiffs in error which has given us most concern in this case is that the court should have granted a new trial on the ground that the evidence showed contributory negligence on the part of the plaintiff. But after considering the testimony we find that it was in conflict both upon the issues of negligence on the part of the driver of the automobile and contributory negligence on the part of the plaintiff. In the light of the evidence on these issues, we cannot say that the court below was in error in denying the motion for a new trial.

The remaining assignments of error concern matters which do not go to the merits of the issues at stake, and while not holding that any errors were shown to have been committed, in respect to such matters, it is our opinion that such rulings, even if erroneous, constituted harmless error.

We find no reversible error in the record and the judgment of the court below is affirmed.

Affirmed.

WHITFIELD, ELLIS AND DAVIS, J.J., concur.

BUFORD, C.J., AND TERRELL, J., dissent.