M. B. DOWLING, *Plaintiff in Error*, vs. SOPIE NICHOLSON, *Defendant in Error*.

Division B.

Opinion filed May 27, 1931.

John U. Bird, Judge.

*Claibourne M. Phipps,* of Tampa, Fla., for Plaintiff in Error;

*Brandon, Gage, Hancock* and *Polhill,* and *S. E. Simmons,* of St. Petersburg, Fla., for Defendant in Error.

DAVIS, J.—This suit grew out of an automobile accident. There was a collision between a Ford Sedan in which the

plaintiff was riding and a truck alleged to have been operated at the time and place of the collision by a servant of the defendant. Judgment was rendered for the plaintiff in the sum of $2,500.00 and defendant took writ of error.

The amended declaration in substance alleges that on July 3, 1926, in Pinellas County, the plaintiff was riding in an automobile which was proceeding on the Clearwater-Tarpon Springs Road; that the defendant M. D. Dowling, by and through his servant, was at the time aforesaid driving and propelling a "certain" automobile truck on the Oldsmar Road; that near the intersection of the two highways, the defendant, by his servant, did carelessly and negligently and with great force and violence, drive and propel the aforesaid truck against plaintiff's car, in consequence of which plaintiff was severely injured by being cut and bruised, suffered the loss of her teeth and was otherwise severely injured about her person.

This declaration was in two counts. The principal distinction between the two is that in the first count the allegation is to the effect that the negligent acts charged were done by the defendant, M. D. Dowling, who "by and through his servant, was at the time aforesaid, driving" the alleged truck, while in the second count the allegation is almost the same but with the addition of an allegation that the acts of the servant were done "wilfully, wrongfully and with great force of arms."

A general demurrer and motion for compulsory amendment of the amended declaration were severally denied by the court, in which ruling there was no error. The substantive objection urged to the declaration by the demurrer and motion was that it contained no allegation of the existence of the relation of master and servant between the defendant and any specified party, and that there was

no allegation that any particular truck which belonged to the defendant was involved in the accident or that any act was described for which he was in anywise responsible, except the allegation that the defendant "by his servant" was operating the truck which is alleged to have caused the injury.

In actions where negligence is the basis of recovery a declaration is sufficient if it contains allegations of sufficient acts causing injury, with an averment that they were negligently done. Duval v. Hunt, 34 Fla. 825, 15 So. 876, and cases following and approving the doctrine there announced. It has never been thought to be necessary that the declaration designate the particular servant guilty of the negligent act, nor is it error to deny a motion for a compulsory amendment seeking as its object such designation by the plaintiff. Lowell v. Crunk, (Ind.), 21 N.E. 31, 12 Am. St. Rep. 443; Texas, etc. R.R. Co. v. Eastern, 2 Texas Civil Appeals, 21 S.W. 575; Sou. R.R. Co. v. Prather, 119 Ala. 588, 72 Am. St. Rep. 949; B. R. & E. Co. v. Stable Co., 119 Ala. 615, 72 Am. St. Rep. 955; Bessemer Coal and Iron Co. v. Doak (Ala.), 44 So. 627, 12 L.R.A. (N.S.) 389.

After the demurrer to the declaration was overruled, the defendant interposed several pleas. These were (1) not guilty; (2) contributory negligence of the driver of the Ford which should be imputed to plaintiff who was a passenger in the car, and (3) personal contributory negligence on the part of the plaintiff herself in failing to give notice of known or obvious danger. Issue was joined on these pleas and the case came on for trial.

The evidence offered is sufficient to show negligence on the part of the driver of the truck causing the injury which truck it appears was recklessly driven into the street intersection by "cutting across" the right angle made by

the intersection of the two streets, and then proceeding at a rapid rate of speed down the wrong side of the street, until it crashed into the Ford Sedan in which plaintiff was riding. The point of impact was near the right side door and front wheel of the Ford and the force of the collision was sufficient to inflict on plaintiff serious personal injuries to the extent of a broken rib and ultimate loss of several teeth, which reasonably appears to be rightly attributable to the force of the collision.

The accident occurred about two thirty in the day time, and several witnesses fully testified as to the details. No testimony in rebuttal of the evidence offered by the plaintiff and her witnesses was submitted in behalf of the defendant, who appears to have relied for his defense entirely upon the alleged insufficiency of plaintiff's evidence to sustain a verdict.

There was no showing of such facts as would render the plaintiff guilty of contributory negligence as a matter of law, either on the part of the driver which could be legally attributed to her, or personally on her part as alleged in some of the pleas. No error was committed in the admission or rejection of testimony, except as hereinafter mentioned, sufficient to warrant a reversal of the judgment for that cause.

There is, however, in the record no proof whatever that the particular defendant in this case was responsible for such negligence as the evidence shows on the part of the actual driver of the car, either on the principles which we have announced and approved in the cases of Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629; Herr v. Butler, 101 Fla. ...., 132 So. ...., decided at the present term, or under any other theory.

Neither the possession, management or control of the

particular truck which inflicted the injury is shown to have been that of the defendant in this case. Neither was it shown that the driver who was operating it at the time the collision occurred was doing so with the knowledge, consent or acquiescence of the defendant. There is also a total lack of proof that the driver of the truck which caused the collision was a servant of the defendant from which fact an inference might be permitted to be drawn that such servant was driving for his master. In short, the showing in the record is simply that an Indiana truck, driven by a man named A. G. Friedman, whose connection with the defendant as agent, servant or operator with the owner's knowledge, was never established, directly or by circumstantial evidence, negligently drove the truck into the Ford car in which the plaintiff was riding.

While the plea of not guilty operates as a denial only of the breach of duty or wrongful act alleged in the declaration, and not of the facts stated in the inducement, and no other defense than such denial is admissible under such plea (Rule 71 of the Circuit Courts in Common Law Actions, Johnson v. Florida Brewing Co., 105 So. 319, 90 Fla. 148), and while it is also true that the rule laid down in Varnes v. Seaboard Air Line Ry. Co., 86 So. 433, 80 Fla. 624, has been expressly superseded in this class of cases by the Statute of 1921 (Senate Bill No. 131, 1921 Session, Par. 5, Pleas in Actions for Wrongs Independent of Contracts, Sections 4332, 4333, C.G.L.) as we held in Croisant v. DeSoto Improvement Co., 87 Fla. 530, 101 So. 37, it is nevertheless the duty of the plaintiff in a common law action for damages to sufficiently prove the "breach of duty" or the "wrongful act" alleged by showing, either by direct or circumstantial evidence, that *it was the defendant who caused the act.*

The declaration in this case merely refers to a "certain" automobile truck which it is alleged defendant, M. D. Dowling, through his servant, was driving. The servant is not identified nor is the "certain" truck identified in the declaration as being the same one as that which the evidence shows collided with the car of plaintiff. It was therefore necessary for plaintiff to prove either that the truck which collided with plaintiff's car was the defendant's truck, or that the driver of the truck which was in the collision was at the time thereof the defendant's servant or had the truck with defendant's permission, in order to connect the happenings shown by the evidence with the allegations of the declaration.

Where it is sufficiently shown that it was defendant's truck which caused the negligent injury, it may be left to be inferred by a jury, subject to rebuttal or further explanation, that the driver found in charge of and operating same at the time, was doing so with the knowledge and consent of the defendant, on the same principle that criminal courts have permitted juries to infer in the absence of an explanation to the contrary that a man found in possession of recently stolen goods is the person who stole them. Bellamy v. State, 35 Fla. 242, 17 So. 560; Leslie v. State, 35 Fla. 171, 17 So. 555.

Such inferences are merely the permissible deductions which are allowable under the law to circumstantially prove certain facts which may be logically inferred from established proof of certain other facts.

On the other hand, and on the same reasoning, proof that the driver of a truck was the defendant's servant and was on the master's business at the time of a collision may warrant an inference by the jury in the absence of contradictory proof, that the truck he was operating when the

accident occurred was being operated for his master or with his master's consent and that his, the servant's act, in negligently operating it, was therefore the negligent act of the master. But all this is merely a rule of evidence and to be construed and applied as such.

But it cannot be both inferred that it was defendant's truck which caused the accident and that it was defendant's servant who was operating the truck, unless some relative fact is established which under the rules governing proof of facts by circumstantial evidence, would justify such an inference.

The issue we are discussing in this connection is nothing more than the one and only issue which can be properly raised by a plea of not guilty, namely, did the defendant in person or by means of agency, do the wrongful act charged; The existence of the agency *vel non,* when alleged in a declaration, is not put in issue without a special plea denying it is required by the statute, but it by no means follows from this rule that plaintiff is excused from proving either that defendant himself, or defendant's servant, or defendant's motor vehicle, was a participant in the collision.

Merely proving that some truck not shown to have necessarily been defendant's driven by an operator whose relationship or connection with defendant was never established, caused the injuries, is not enough, because the "breach of duty" or the "wrongful act" alleged is that it was the *defendant* and not some one else, who inflicted the injury.

This is the same rule that was applied by this Court in Dowling-Shands Lumber Co. vs. Hogarth, 77 So. 614, 74 Fla. 605, cited by defendant in error.

In that case the court pointed out that evidence was adduced "tending to show that the stock was killed by

*defendant's* railroad trains'' which was deemed sufficient under the plea of not guilty to prove liability of the defendant. And so we might say here that had the proof shown in this case that the accident was brought about by the *defendant's* truck, it would have been equally sufficient to prima facie establish the defendant's connection with the negligence complained of, and the relationship between the truck driver and defendant would not have then been considered in issue without a special plea denying such relationship.

In the brief of the defendant in error, and supported by the citation of some ninety odd authorities to sustain the proposition, it is stated in 42 A.L.R. 900, that:

> ''a majority of the courts, at the present time, take the view that, in an action for injuries, from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for plaintiff; in other words, the more generally accepted view now is that, from proof of the defendant's ownership of the automobile, a rebuttable presumption or inference, arises that at the time of the injury the automobile was in the owner's (the defendant's) possession and being operated by him or by his servant or agent under the circumstances which would render him liable for their conduct under the doctrine of respondeat superior.''

To this general rule we agree, but in this case there was no proof whatever that the truck in question was the truck of the defendant so as to bring the case within the above rule, unless we accept as sufficient for that purpose the attempted proof of such ownership which the plaintiff made by offering in evidence certain of the special pleas which had been filed by the defendant.

These special pleas recited that the plaintiff's driver

"carelessly and negligently ·drove his said automobile into the *defendant's* truck."

Such evidence was allowed by the Court over the objection of the defendant, evidently on the theory that it should be received in evidence as an admission by pleading, such as was allowed in Randall v. Parramore, 1 Fla. 409, and like cases.

But whatever effect in a separate judicial proceeding such an admission as was contained in the pleas here involved might have in such separate judicial proceeding, it is certain that under our statute which provides for and allows contradictory pleas to be filed by a defendant in a common law case (Section 4318 C.G.L., 2652 R.G.S.) that it is not proper practice to allow the plaintiff to use one plea, and admissions of fact necessarily contained therein, to negative the issues raised in the case by an entirely separate and distinct plea. A plea of not guilty puts in issue the breach of duty or wrongful act alleged and this issue can not be negatived by what is contained in other pleas which confess and undertake to avoid.

If such were not the rule, then every plea of confession and avoidance might be successfully introduced in evidence to overcome those pleas which were in denial. The effect might then be that the whole case would be tried upon admissions contained in inconsistent pleas, which the statute permits to be interposed as separate and available defenses. This would undoubtedly effectually defeat the very purpose of the statute which was to countenance the apparently anomalous (but long established) practice in this state of permitting a defendant to say in one plea that he did not do a certain thing while in a different plea which immediately follows it, he undertakes to offer some affirmative excuse against its legal consequences after

·confessing that he did do what in the first plea he had denied doing.

Material allegations in pleadings which are not denied are admitted to be true (Williams v. Hampton, 57 Fla. 272, 49 So. 506) but this only means that with reference to a pleading of the opposite party, such allegations as are not denied are admitted to be true.

There was error in admitting in evidence over the defendant's objection three of the pleas which had been interposed by defendant, for the purpose of using the admissions therein contained as affirmative evidence to meet the issue raised by an entirely separate plea of not guilty which cast the burden of proof of such facts on the plaintiff as one of the defendant's own pleas in that same identical case was offered to prove.

There was likewise error in refusing to set aside the verdict in view of the fact that it was not shown by sufficient evidence that the defendant was guilty of the breach of duty or wrongful act alleged.

Where recovery of damages is sought in an action at law it is essential that either direct or circumstantial proof shall be offered sufficient to overcome the issue raised by a plea of not guilty, or a verdict for the plaintiff cannot be sustained. For the reasons pointed out, there was no such proof in this case and a new trial should have been granted.

Other assignments of error argued but not referred to in this opinion need not be now considered as the same questions will probably not recur on another trial.

Judgment reversed and new trial awarded.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.