YVONNE C. THOMAS, an infant, by S. P. Thomas, her next friend, v. WESTERN UNION TELEGRAPH COMPANY.

176 So. 122.

Opinion Filed May 20, 1937.

*George P. Garrett* and *Latimer A. Long,* for Plaintiff in Error;

*Knight, Thompson & Turner,* for Defendant in Error.

WHITFIELD, P. J.—In an action to recover damages for personal injuries brought against the telegraph company by an infant by her next friend, the declaration alleges that the plaintiff "was run into and upon by a messenger boy of the defendant company, riding a bicycle, and thereby injured. The said messenger was, then and there, in the employ of the said defendant company; and at the time of said accident, acting within the scope of his said employment."

Trial was begun upon pleas of not guilty and of contributory negligence. Later two other pleas were filed by leave of court. Verdict and judgment were rendered for the plaintiff. Defendant moved for a new trial and the court made the following order thereon:

"This cause coming on this day to be heard upon motion for a new trial filed herein by the defendant, and the Court being fully advised in the premises, it is upon consideration thereof,

"ORDERED, ADJUDGED AND DECREED that the verdict of the

jury in this cause be set aside and that said motion of defendant for a new trial be and the same is hereby granted upon the grounds of said motion numbered 8, 9, 12, and instruction numbered one in ground numbered 14 of said motion for new trial, and the exceptions of the plaintiff hereto are hereby noted."

The following are the grounds of the motion for new trial referred to in the order granting a new trial:

"8. The Court erred in denying defendant's motion made before the plaintiff had closed her testimony, to be allowed to traverse the allegation in the declaration that the messenger boy mentioned therein was, at the time of plaintiff's injury, in the employ of the defendant, and also to traverse the allegation therein that the said boy was, at the time aforesaid, acting within the scope of his employment by the defendant.

"9. The Court erred in refusing defendant's offer, after plaintiff had closed her testimony, to show under its plea of not guilty that the boy who injured the plaintiff was not, at the time and place of such injury, in the employ of the defendant company and was not then and there acting within the scope of his employment by the defendant. * * *

"12. Because the Court erred in giving the following instruction to the jury:

" 'Gentlemen of the Jury, the declaration in this case, filed by the plaintiff, stating the plaintiff's alleged cause of action, has one count and that you have had read to you. It charges that the defendant, by its messenger boy, employed by the defendant, and at the time while he was acting within the scope of his employment carelessly and negligently rode his bicycle into this plaintiff and then states the damages or injuries that she alleges she has sustained and the damages that she requests for those injuries. The de-

fendant filed what is known as the general issue. A plea of general issue; that denies the wrongful act charged in that count of the declaration; that denies the carelessness of the act alleged to have been done in that count was done negligently or carelessly. That places the burden of proof upon the plaintiff in the case to prove, by a fair preponderance of the evidence, the cause of action. That is, the negligence and carelessness in the form and manner as set forth in that count, on the plaintiff. That is, the plaintiff is to prove the cause of action set out in that count by a fair preponderance of the evidence. That's the first burden of the case; then, if she has done that, under the question of damages, not only must she prove the cause of action as set out, but the matter of injury and the damages sustained. That's the burden upon the plaintiff in the first instance. If that has been done, gentlemen, and you find from the evidence—the fair preponderance of the evidence— that the plaintiff has met the burden as described to you, and has proven the case—the injuries and damages—then you should consider the other pleas filed by the defendant in the case, which are classed as and known as affirmative pleas.

" 'One plea is that of contributory negligence. That plea, in effect, says that the plaintiff herself was negligent in a degree which contributed proximately to the cause of the accident or the injury and damages, and that, therefore, the plaintiff ought not recover.

" 'Another of the affirmative pleas is that the messenger boy, this alleged employee of the defendant company at the time of the accident, was not in the employ of the company; was not employed by the defendant.

" 'The other affirmative plea is that at the time of this accident as alleged in the declaration, the alleged employee or .

messenger boy, was not acting within the scope of his employment or authority at that time.

" 'Those last three pleas referred to—one of contributory negligence, one that the messenger boy was not an employee at the time of the accident, and the other that he was not acting within the scope of his employment, are affirmative pleas in this case and the burden of proof is upon the defendant to prove any one of those pleas before you could find for the defendant in the case.

" 'That is to say, if the plaintiff has, as explained to you, met the burden of proving the declaration, and then if the defendant, on the other hand, has met its burden as explained to you, of proving by a fair preponderance of the evidence, any one of the affirmative pleas, then your verdict should be for the defendant in the case.' * * *

"14. Because the Court erred in refusing to give the following instructions requested by the defendant:

"'1. The Court charges you that it is the duty of the plaintiff in this action, in order to charge the defendant with liability for the injury complained of, not only to prove by a fair preponderance of the evidence that such injury was sustained by the negligence of the boy riding the bicycle which struck her, but to sufficiently prove and show, either by direct or circumstantial evidence, that it was the defendant who caused the act. She must therefore show that, at the time and place of the injury, the boy riding the bicycle was in the employ of the defendant company and then and there acting in the scope of such employment. The defendant's plea of not guilty places this burden upon the plaintiff. A showing by the plaintiff that the boy at the time and place mentioned was wearing a uniform such as is worn by the defendant's messenger boys and riding in the direction of the defendant's office and within a short

distance of the office may establish a *prima facie* case for the plaintiff, but any presumption or inference from such facts and circumstances is a rebuttable one, and if the defendant introduces evidence which is sufficient to rebut such presumption, you must find for the defendant.'"

In making the above order granting a new trial, the Court complied with the following amendment to Circuit Court Rule 71, viz.:

"d.   In every case where the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon writ of error to any such order granting a new trial, if taken under the statutes providing for writs of error to orders granting new trials, no other grounds than those specified by the trial Judge, as a basis for the order granting the new trial, shall be considered as arguable upon said writ of error."

Defendant took writ of error to the order granting a new trial and assigns as error:

"The trial Court erred in granting the motion for new trial."

The statutes of the State contain the following:

"Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ or error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail."  Sec. 4615 (2905) C. G. L.

"In actions for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration; and where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing, the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty." Secs. 4332-4333 (2666) Par. 5, Pleas in Actions for Wrongs. Independent of Contracts, C. G. L. See McLeod Const. Co. v. Cooper, 101 Fla. 441, 134 So. 224.

See also Amended Common Law Rules, Rule No. 32.

Under Section 4615 (2905) C. G. L., when a writ of error is taken to an order granting a new trial in a law action, the court is required to "review the said order." This enactment, taken with the amendment to Circuit Court Rule 71, above quoted, confines the consideration here to the grounds of the motion for new trial upon which the court granted the new trial.

During the taking of the plaintiff's testimony, the court denied a request .of defendant for leave to file a special traverse to a portion of the declaration, to which ruling the defendant excepted. This ruling is the basis of the 8th ground of the motion for new trial which is one of the grounds on which the motion was granted.

After the plaintiff rested the defendant offered to prove, under its plea of not guilty, that the boy alleged to have injured the plaintiff was, at the time and place he did so, not acting within the scope of his employment as a messenger

boy of the defendant. This offer was denied and exception noted. The ruling is made the 9th ground of the motion for new trial which is one of the grounds on which the motion for new trial was granted by the court. The defendant then moved for leave to file additional pleas and offers to prove the pleas. The pleas were:

"And for a third plea to the plaintiff's said declaration, the defendant denies that the boy alleged therein to have ridden his bicycle into the plaintiff, thereby causing her the injury complained of in this suit, was, at the time and place he did so, acting within the scope of his employment as a messenger boy of the defendant, and says that on the contrary, at the time and place aforesaid, the said boy was not acting within the scope of his employment as a messenger boy of the defendant."

"And for a fourth plea to the plaintiff's said declaration the defendant denies that the boy alleged therein to have ridden his bicycle into the plaintiff, thereby causing her the injury complained of in this suit, was, at the time and place he did so, employed as a messenger boy of the defendant, and says that on the contrary at the time and place aforesaid, the said boy was not so employed as a messenger boy of the defendant."

This motion to file the pleas was granted, and plaintiff excepted. Plaintiff joined issue on the added pleas.

The above referred to 8th and 9th grounds of the motion for new trial, together with the giving of one and the refusal to give another of the charges of the court, referred to as grounds 12 and 14 mentioned in the order granting a new trial, raise the essential questions to be decided on this writ of error taken under the statute to the order granting a new trial.

The plaintiff in error states the questions to be decided as follows:

"QUESTION INVOLVED No. 1.

"Where the *defendant* requested the court to charge and the court charged, pursuant to *defendant's* request, that the two additional pleas were affirmative pleas, was the giving of such charge error of which the defendant can complain on motion for new trial?"

"QUESTION INVOLVED No. 2.

"Was it error under the circumstances above outlined for the trial court to place the burden of proof of these pleas of employment and scope of employment upon the defendant?"

While the refusal to permit the defendant to file a traverse of a portion of the declaration, as referred to in the 8th ground of the motion for new trial, might or might not be harmful error in view of the order permitting the special pleas to be filed which apparently accomplished the purpose of the defendant, yet the charges given as stated in the 12th ground of the motion for new trial and the refusal to give the requested charge as shown by the 14th ground of the motion for a new trial, were not in accord with the defendant's rights on the record as made, and were calculated to mislead or confuse the jury; and this must have been the view of the able trial Judge in granting the new trial.

Although the defendant referred to the additional special pleas as affirmative pleas and offered to prove the defense set up in such special pleas, viz.: that the alleged messenger boy was not in the employ of the defendant, and that such boy was not acting within the scope of his employment at the time of the injury; yet it was incumbent upon the plaintiff to prove the defendant was liable for the injury under the doctrine of *respondeat superior*.

In Dowling v. Nicholson, 101 Fla. 672, t. 278, 683, 135 So. 288, this Court said:

"While the plea of not guilty operates as a denial only of the breach of duty or wrongful act alleged in the declaration, and not of the facts stated in the inducement, and no other defense than such denial is admissible under such plea (Rule 71 of the Circuit Courts in Common Law Actions, Johnson v. Florida Brewing Co., 105 So. 319, 90 Fla. 148), and while it is also true that the rule laid down in Varnes v. Seaboard Air Line Ry. Co., 86 So. 433, 80 Fla. 624, has been expressly superseded in this class of cases by the Statute of 1921 (Senate Bill No. 131, 1921 Session, Par. 5, Pleas in Actions for Wrongs Independent of Contracts, Sections 4332, 4333, C. G. L.) as we held in Croisant v. DeSota Improvement Co., 87 Fla. 530, 101 So. 37, it is nevertheless the duty of the plaintiff in a common law action for damages to sufficiently prove the 'breach of duty' or the 'wrongful act' alleged by showing either by direct or circumstantial evidence, *that it was the defendant who caused the act.*"

"Where recovery of damages is sought in an action at law, it is essential that either direct or circumstantial proof shall be offered sufficient to overcome the issue raised by a plea of not guilty, or a verdict for the plaintiff cannot be sustained."

In this case under the plea of not guilty, which is the general issue, the plaintiff is required to show at least *prima facie,* that the alleged messenger boy was in the employ of the defendant and was acting within the scope of his em-ployment when the injury complained of was done by him. If facts or circumstances are shown in evidence sufficient to support a reasonable inference that the alleged messenger boy was so employed and was acting within the scope of

his employment, the evidence may be sufficient on that point if it is not met by rebutting evidence. Such inference is rebuttable; but the defendant loses on that point unless it adduces sufficient evidence to overcome the inference.

Under the statute the defendant in this case cannot legally adduce *primary* evidence against sufficient allegations in the declaration as to the relation of employer and employee unless such defense is specially and sufficiently pleaded; but under the plea of the general issue, if the plaintiff's proof of the essential allegations of the declaration as to the relation of master and servant so as to show liability of the master, is not sufficient to overcome the plea of not guilty and the evidence adduced on the vital point, there can be no recovery; for under the doctrine of *respondeat superior,* the plaintiff must show by a preponderance of the evidence that the defendant is liable for the injurious act of the person who is alleged to be the defendant's employee. Dowling v. Nicholson, *supra.*

The statute, Section 4332-4333, par. 5, C. G. L., referred to above, does not purport to dispense with *necessary proof or admissions* of essential allegations, in *respondeat superior* cases, to afford due process of law in adjudging one party liable in damages for the torts of another. There was testimony relating to the issue of whether the messenger boy was acting within the scope of his employment at the time the accident occurred, as to which testimony, some portions of the quoted charge given were inaccurate, and the charge refused was appropriate to be given. There was no abuse of discretion or violation of settled principles of law in granting the new trial, therefore the order should be affirmed. Carney v. Stringfellow, 73 Fla. 700, 74 So. 866.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.