QUITMAN McDOUGALD, Plaintiff in Error, v. LEE M. COUEY, Defendant in Error.

200 So. 391
Division B
Opinion Filed January 24, 1941
Rehearing Denied February 14, 1941

*Baxter & Clayton* and *Maguire, Voorhis & Wells,* for Plaintiff in Error;

*Thomas W. Fielding* and *Fielding & Duncan,* for Defendant in Error.

PER CURIAM.—The following declaration was filed in this cause:

"Lee M. Couey, as plaintiff, sues Quitman McDougald, as defendant, in an action for personal injuries suffered by said Lee M. Couey: For that on to-wit, November 1, 1938, said Lee M. Couey was riding as a passenger in an automobile that was owned by the said defendant, and that was being driven on the public highway in Alachua County, Florida, that is known as State Road No. 2, at a place in or near the corporate limits of the City of High Springs, in Alachua County, Florida; and while said Lee M. Couey was riding in said automobile as a passenger upon said highway as aforesaid, the said operator of said automobile that was owned by defendant, so negligently operated, managed, and drove the said automobile in which said plaintiff was riding, as to cause the said automobile to overturn and as a result of said overturning, the plaintiff was severely hurt; thereby, because of the negligence of the said defendant, the said Lee M. Couey was greatly and severely hurt, damaged and injured in his back, spine, bones, pelvis, arms, legs, stomach, intestines, liver, lungs, bowels, head, eyes, ears, nose, feet and body, in so much so that he was greatly and permanently injured and totally and wholly incapacitated. from doing work and he has suffered and now suffers great physical pain and mental suffering and anguish, and he has laid out and expended large sums of money, to-wit: $500.00, because of his hurts, injuries, and sufferings for medicines, nursing, medical attention, hospitals, etc., and he has suffered and will continue to suffer great losses and sums of money because of inability to work.

"WHEREFORE, Plaintiff sues and claims damages in the sum of five thousand dollars ($5,000.00)."

A demurrer containing nine specifications was overruled. The third and ninth specifications are as follows:

"3. Said count does not allege sufficient ultimate facts to show any liability on the part of defendant to plaintiff."

"9. It does not appear that the operator of the automobile was an agent, servant, or employee of defendant, nor that the automobile was being operated under such circumstances as to impose liability therefor upon the defendant."

A motion for compulsory amendment of the declaration was denied. One of the grounds of the motion was that the declaration fails "3. To specify the relationship between the operator of the automobile and the defendant."

Nine pleas including three pleas of contributory negligence were filed. A demurrer to eight of the pleas was sustained, leaving the plea of not guilty on which trial was had.

Plaintiff did not prove any *respondeat superior* relationship between the defendant owner of the car and the operator of the car whose name was given and whose negligence was shown. It was shown that the license tag for an automobile was issued to the defendant as its owner. At the close of plaintiff's testimony, defendant's motion for a directed verdict was denied. A motion for a directed verdict for plaintiff was granted. The jury returned a verdict for $1,500.00 damages. New trial was denied. The twelfth ground of the motion for new trial was:

"*Twelfth:* The court erred in sustaining plaintiff's demurrer to defendant's fifth plea."

Motions for judgment *non obstante veredicto* and for arrest of judgment were denied. Among the grounds of the latter motion were:

"4. The declaration does not allege that the operator of the defendant's automobile was an agent, servant, or employee of defendant, nor that the automobile was being operated under such circumstances as to impose liability therefor upon the defendant.

"5. The declaration does not allege that the defendant, or anyone for whose acts he was responsible, negligently caused injury to plaintiff." Judgment was rendered for plaintiff upon the verdict as returned.

Defendant took writ of error. Assignments of error include the following:

"16. The court erred in overruling defendant's demurrer to plaintiff's declaration.

"17. The court erred in denying defendant's motion addressed to plaintiff's declaration."

"5. The court erred in denying motion in arrest of judgment."

The declaration does not allege that the stated owner of the motor vehicle was the alleged negligent operator of the motor vehicle, and does not allege the relationship between the alleged owner and the operator of the motor vehicle so as to invoke the operation of the doctrine of *respondeat superior* to render the alleged owner responsible in damages for the alleged negligent operation of the motor vehicle which it is alleged caused the injury complained of. This renders the declaration fatally defective. See Engleman v. Traeger, 102 Fla. 756, 136 So. 527; Herr v. Butler, 101 Fla. 1125, 132 So. 815; Dowling v. Nicholson, 101 Fla. 672, 135 So. 288; Greene v. Miller, 102 Fla. 767, 136 So. 532. As no *respondeat superior* relationship between the alleged owner and the operator of the motor vehicle when the injury occurred is alleged in the declaration, such relationship is not admitted by mere failure to deny it by plea. See Smith

v. Coleman, 100 Fla. 1707, 132 So. 198.   See Sec. 4332, 4333 (2666), par. 5, p. 1648, C. G. L.

The sufficiency of the declaration to state a cause of action under the doctrine of *respondeat superior* as limited by this Court was challenged in several ways by the defendant; and as the evidence adduced (if it *legally* could) did not prove the omitted essential allegations of facts to state a cause of action against the defendant under the doctrine of *respondeat superior* the judgment is without legal support in the record, and such judgment must be and is reversed and the cause remanded.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN and CHAPMAN, J. J., concur.

## REHEARING DENIED

PER CURIAM.—The declaration quoted in the opinion alleges that the automobile "was owned by the said defendant and was being driven on the public highway," and that "the said operator of said automobile, that was owned by defendant, so negligently," etc.   But it is not alleged that "the said operator" was the agent or servant of the owner of the automobile; or that the operator had the authority or consent or permission or acquiescence of the owner, express or implied, for the use of the automobile by the operator so as to invoke the doctrine of *respondeat superior*. *Non constat* the operator was using the automobile without the knowledge, permission, acquiescence or authority of the owner so as to make the owner liable in an action for damages for the alleged negligence of "the said operator" who is not alleged or proven to be the owner of the automobile.

It clearly appears that the owner of the automobile was not the operator of it when the injury occurred.   Unlike

railroads which are owned by corporations and operated by corporate agents or servants, automobiles may be operated by the individual owner or by the agent, servant or other person; and the owner, whether corporate or individual, is in general liable for the negligence of the operator only when the automobile is being operated with the knowledge and consent or authority, express or implied, of the owner or his or its duly authorized servant, agent or representative. The relationship of the owner to the operator should be alleged in order to state liability of the owner when he is not the operator; otherwise liability of the owner may not appear by the declaration. See Engleman v. Traeger, 102 Fla. 756, 136 So. 527; Coombs v. Rice, 64 Fla. 202, 59 So. 958; Potts v. Mulligan, 141 Fla. 685, 193 So. 767; Warfield v. Hepburn 62 Fla. 409, 57 So. 618; Dowling v. Nicholson, 101 Fla. 672, 135 So. 288; 42 C. J. 1192, Sec. 979; Bashfield's Cyclopedia of Automobile Law and Practice, Vol. IX, Sec. 5982.

If the relationship of the owner and operator is alleged and it is not denied by special pleas, it will be admitted by the defendant. Sec. 4332-4333 (5) C. G. L. If the relationship is duly alleged and is denied by special plea, it must be proved as required by law. Thomas v. Western Union Co., 129 Fla. 155, 176 So. 122; McLeod Construction Co. v. Cooper, 101 Fla. 441, 134 So. 224. If such relationship is not duly alleged the declaration is defective in allegations. If the sufficiency of the declaration is not duly challenged because such relationship was not alleged and the relationship is without objection proved or admitted as evidence, the defendant may not, in general, challenge the sufficiency of the declaration on that ground after final judgment for plaintiff, unless such insufficiency was duly challenged during the proceedings. But the declaration may

be amended if seasonably moved for and duly allowed as may be provided by law. In this case the sufficiency of the declaration was challenged.

Rehearing denied.

BROWN, C. J., WHITFIELD, TERRELL and CHAPMAN, J. J., concur.