QUITMAN McDOUGALD v. RUBY MAE IMLER, as administratrix of Estate of Lee M. Couey, deceased.

15 So. (2nd) 418            June Term, 1943
October 29, 1943            Division A

*Baxter & Clayton, E. G. Baxter, Maguire, Voorhis & Wells,*
*R. F. Maguire* and *W. H. Poe,* for appellant.

*Fielding & Duncan,* for appellee.

PER CURIAM:

This suit is here for the third time. See McDougald v. Couey, 145 Fla. 689, 200 So. 391; McDougald v. Couey, 150 Fla. 748, 9 So. 187. Pending the second appeal here the plaintiff died and his daughter, Ruby Mae Imler, was appointed administratrix of his estate and was substituted as plaintiff. An amended declaration was filed alleging gross negligence as provided in Section 320.59, Fla. Stats. 1941, pursuant to an order of the lower court.

Gross negligence or wanton and wilful misconduct as charged in the amended declaration, consisted of driving the Ford automobile at a reckless and dangerous rate of speed over a roadway in bad condition, being worn and filled with worn out places, holes and depressions, was wavy, bumpy, rough and rolling; the roadway was broken and uneven at the shoulders and below the roadway in many places; that Earl Rains, agent of the defendant, was driving the car at the rate of sixty miles, or more, per hour when the automobile left the highway and catapaulted, thereby injuring the plaintiff.

The issues made by the amended declaration, and (1) plea of not guilty; (2) a denial that the defendant had loaned to Earl Rains the automobile for him to drive and operate as alleged; and (3) contributory negligence on the part of the deceased, were submitted to a jury, resulting in a verdict and judgment for the plaintiff below in the sum of $5,000.00. The defendant below has perfected an appeal therefrom to this Court.

The record discloses that the plaintiff below, by petition, represented to the trial court that the plaintiff, Lee M. Couey, was dead; that prior to his death he was called, duly sworn and gave testimony in his behalf before a court and jury in the case at bar; that his testimony was stenographically reported and incorporated in the record previously submitted on appeal to this Court; the deceased was interrogated on direct examination and cross examined by counsel for defendant below and the evidence as reported by the Court reporter was certified to as being correct; this testimony as used in a former trial was necessary so that the plaintiff could establish the material allegations of the amended declaration. The trial court granted the petition under the provisions of Section 92.22, Fla. Stats. 1941, and the same was read to the jury over the objections of counsel for the defendant below.

It is contended here that this ruling was error because the issues in the case at bar are dissimilar to the issues in the former trial. The former trial involved the issue of simple negligence, while the issue here is gross negligence. Florida cases and authorities from other jurisdictions have been cited to sustain the contention. Consideration has been given to the cases cited by counsel but we are not convinced that error occurred in this ruling. We fail to find merit in questions 2 and 3 propounded by counsel for the appellant.

It is next contended that the verdict of $5,000.00 as found by the jury and approved by the trial court when entering an order denying the motion for a new trial is excessive. The plaintiff was 68 years of age when he was hurt; his earning capacity ranged from $25.00 to $32.00 per month prior to being injured; his injuries wholly incapacitated him from earning any sum of money and he was confined to his bed approximately two-thirds of the time after being hurt until his death, which occurred three years and thirty days after receiving his injuries. He sustained a right fracture of the skull; the right shoulder in the posterior region of the back was fractured; his right ankle was sprained and lacerations were on his right leg. The doctors and hospital bills amounted to $261.55, while the loss of earnings on the part of the late Mr. Couey, as calculated by counsel for appellee,

came to $1,184.00, total amount $1,445.55. We fail to find in the record proof of expenditures for nursing and medicine. Pain and suffering as fixed by the jury and trial court approximated $3,500.00. We think this amount is excessive. It is our view that the amount of recovery should not exceed the sum of $3,000.00.

If counsel for the appellee within ten days after the going down of the mandate herein shall file in the lower court a remittitur in the sum of $2,000.00, then the judgment in the case at bar will stand affirmed in the sum of $3,000.00; otherwise a new trial will be awarded.

It is so ordered.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.