## HODGES v. HOLLINS.
### No. 7193.

Circuit Court, Lake County.
January 17, 1966.

Daniel C. McCormic and Walter Warren, both of Leesburg, for plaintiff.

Charles M. McCarty, Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for hearing on December 30, 1965 before the court upon defendant's motion to dismiss the plaintiff's second amended complaint.

Plaintiff alleges by his second amended complaint that he is the operator of a heavy equipment sales and service business and that on the date upon which the collision complained of occurred, plaintiff's employee was driving plaintiff's towing vehicle, and towing the vehicle damaged by the collision. Plaintiff seeks to recover for the damages to the towed vehicle. The towed vehicle was the property of Inland Fruit Company of Leesburg, Florida, and plaintiff alleges that he was a bailee thereof.

The argument presented upon behalf of the defendant in support of his motion to dismiss was that the complaint failed to state a cause of action in that a bailee under the alleged facts here present would have no standing to sue for damages done to the vehicle while in his custody. After hearing argument of counsel for the parties, with appropriate citations therefor, the court rejected this argument in favor of the position upheld by the plaintiff in this cause that a bailee has such a special property in the goods entrusted to him that he may maintain an action for damage thereto.

Among other authorities cited for the proposition that a bailee has such property in the goods entrusted to him that he may maintain an action for damage thereto, counsel for the plaintiff cited the 1909 Florida case of Atlantic Coast Line Ry. Co. v. Partridge, 50 So. 634. Cases cited in the foregoing case as upholding this general proposition include the case of Freeman v. Birch, 1 N&M 420, 3 Q.B. 492, Note "a", 43 E.C.L. 835, 38 Rev. Rep. 388. As authority for the proposition that the foregoing general rule applies more specifically under facts similar to the immediate case, counsel for the plaintiff cited the 1925 Florida case of Johnson v. Florida Brewing Co., 105 So. 319. In that case plaintiff's evidence disclosed that two or three weeks prior to the collision complained of, plaintiff, who was a local dealer in Buick automobiles had sold the automobile in question to one E. K. Nelson; that the latter had delivered the car to plaintiff on the day of the collision to have the same adjusted and some additional equipment installed; that while plaintiff's agent had the car out adjusting it, the collision with the defendant's truck occurred; that plaintiff had complete possession of the car and was responsible to the owner for it. In upholding the right of a bailee to sue in such a case, the court said:—

"A bailee has such special property in the goods or chattels entrusted to his charge that he may maintain an action for damage thereto. Anyone having a special interest in the goods or chattels may maintain the action. Thus, a factor, a broker, a warehouseman, a carrier or any person employed to perform a service in respect to the goods or chattels of another with which he is entrusted for that purpose may maintain an action for the recovery of them or for any damage done them while he has charge thereof."

This language of the Johnson case was followed by further citation by the court of authority upon this point.

Upon consideration of the foregoing authorities and others cited therein, the court holds that the general rule that a bailee has such special property in the goods or chattels entrusted to his charge that he may maintain an action for damage thereto is more specifically applicable in a case such as this where the bailee is one who is employed to perform a service in respect to the goods or chattels of another with which he is entrusted for that purpose, and that the plaintiff bailee has stated a cause of action against the defendant.

It is accordingly,

Considered, ordered and adjudged that the defendant's motion to dismiss the plaintiff's second amended complaint is denied, and that defendant is allowed 20 days within which to file his answer.