The Chief Justice
delivered the opinion of the court.
Plaintiff declared in trespass guare clausum fregit, describing the lands as in sections 19 and 20, township 1, range 27, east, being part of the “Broward tract,” and alleges the cutting down of trees, &c., the lands being the close of the plaintiff. Defendant pleads not guilty; and, further,-that the land upon which the alleged trespass was committed, and timber and trees cut and removed, is the fee simple property of defendant, and the timber removed was his property. There is another plea that defendant was the owner, and in the rightful possession at the time of the alleged trespass.
There was testimony introduced by plaintiff tending to show that he Had been in possession some years, had “grown up” on the land described, the cutting of trees-by defendant, and their value. Plaintiff testifies that defendant said he was willing to pay for the trees, or give plaintiff the same number of trees. Several witnesses were examined on behalf of both parties in regard to the possession, the boundary lines of the land claimed by both parties, and with respect to damages. The alleged trespass seems to have resulted from the errors of surveyors, or of imperfect maps from which surveys were made.
Defendant testified that he bought the land from his brother five years ago; that he never knew of Charles Broward or M. L. Broward claiming this land until about the time suit was brought, and that he and his brother claimed possession since 1872; it was formerly State land. Never agreed to pay Broward for the trees, but told him he. would pay for the same or give other timber for it if it should be found that he did not own the land. No evidence of legal title was offered.
The Judge charged the jury “that the plaintiff should show what seems sufficient to establish his possession, then the jury may fix the amount of damages. The verdict must be based on the testimony in the case and of the witnesses as relating to damages, and must not be subject to conjecture.”
No exception was taken to this charge by either party.
Defendant's counsel asked the court to charge the jury as follows: “That the plaintiff must show to the full satisfaction of the jury the absolute and complete possession of the premises in question, or at least that they had a full legal title, which involves possession or right to it, and, therefore, if the jury believes that the plaintiff had not exhibited his title or shown his possession, the verdict must be for defendant and against the plaintiff.”
The Judge refused so to charge, and defendant excepted.
The jury found for the plaintiff and assessed the damages, upon which final judgment was entered; after a motion for a new trial was denied, and defendant appealed.
The errors assigned are:
1. The refusal of the court to charge the jury as requested by defendant.
2. That the verdict was against the charge of the court and the law of the case.
3. That no trespass was proven nor any possession shown of the premises upon which the alleged trespass was committed.
Defendant's counsel contends that there was no evidence showing plaintiff’s title, possession, or right of possession.
The law of this case is so well ai ddown in Brést vs. Lever, 7 Meeson & Welsby; Exch. R., 593, that we will only quote from the opinion of the court. The action was trespass guare clausum fregit. Plea, that the close was the close, soil, and freehold of the defendant. The defendant proved acts of ownership over the locus in quo for seventeen years before suit. Neither party proved title in himself. The court, Parke, B., said: “By the plea of liberum tens-mentum, the defendant admits that the plaintiff is in possession, and that he is himself, ■prima facie, a wrong doer; but he undertakes to show a title in himself, which shall do away with the presumption arising from the plaintiff's possession. This he wfis bound to do, either by showing title by deed, in the usual way, or by proving a possessory title for twenty years. But here the defendant has only proved acts of ownership extending over seventeen years, and has not connoted them with any prior title; it amounts, therefore, to nothing more than a longer against a shorter possession, a mere priority of possession, and for a period insufficient to confer any title, except against a mere wrong doer.” See, also, 2 Greenleaf Ev., par. 626, and citations in n. 4.; Stephens' Nisi Prius, 2641,-2644; 1 Saund., 347, d. n. 6; 1 Ch. on Pl., 541; Gould's Pleading, ch. VI., sec. 93.
The defendant here, by his pleading, admits the possession of the plaintiff. It was not therefore necessary to prove that which was admitted. The cutting of the trees on the premises was also admitted by the same plea. All that it was necessary, therefore, for the plaintiff to prove was the value of the trees or the amount of the damage. The defendant must then show title in himself, and this he has failed ter do. He neither -shows title by judgment, decree, or conveyance of any sort, nor does he show an adverse possession with claim of title, with or without written instrument, judgment, or decree, for the statutory period of seven years. He only shows that since 1372 he was in possession, exercising acts of ownership by cutting trees. This suit was commenced in March, 1879.
The court, therefore, did not commit an error in refusing to charge the jury that the plaintiff must prove “absolute and complete possession” or “full legal title,” under the pleadings in this case.
The authorities cited to show that plaintiff must pi ove actual possession or title, in order to show his right of action, do not apply where such possession is shown and admitted by the pleadings.
The judgment is affirmed.