BENJAMIN R. PITT, PLAINTIFF IN ERROR, vs. W. J. ACOSTA, DEFENDANT IN ERROR.

1. Under a contract for building a house, payments periodical except the last, for which the owner was to give the builder his note due

in six months after completion of the building, one furnishing material to the builder having filed a lien cannot maintain a suit against the owner to enforce it before the expiration of the six months, though the owner refuse to give the note to the party claiming a lien.

2. In such case the party having a lien upon the building cannot exact a note payable to himself.

3. Where, by the contract for building, payment is to be made by note due in six months after completion, and party refuses to give the note, the present right of action is for damages for the breach of the contract, and this cannot be maintained by a person not a party to the contract, but who seeks to enforce a lien upon the building contracted for. The latter can maintain suit to enforce his lien only after the expiration of the credit mentioned.

Writ of Error to the Circuit Court for Escambia county.

Plaintiff in error, who was plaintiff below, furnished material to the extent of $265.03, with which Pickard, one of the defendants below, constructed a house for defendant, Acosta, on Acosta's land. The house was completed about the 1st May, 1879. On the 12th June, 1879, plaintiff in error began this suit against both Acosta and Pickard, alleging the foregoing facts, and that he had fixed the liability of Acosta and of the land, in the manner prescribed by the mechanics' lien law. Pickard did not appear, and a default was entered against him. Acosta appeared and pleaded. Demurrers to all of the pleas except the first were sustained. The first plea denied merely "that any balance to be paid by this defendant (Acosta) to the said Pickard was  *  *  * at the time of the institution of this suit, due and payable and collectable by either the said Pickard or the plaintiff, or by any one, from this defendant." Plaintiff took issue upon this plea. All the other allegations of the declaration not being denied were admitted, and the issue made by the above plea and the joinder of issue thereon was the only one at the trial. Upon this

issue the plaintiff was allowed to prove, in addition to the facts admitted by the pleadings, that the house was built by Pickard under a written contract with Acosta, by which the building was to be paid for by instalments, the last two hundred dollars when the house should be completed and delivered, " by note on six months time without interest," &c. That before the house was completed Acosta, upon notification that Pitt had furnished the materials, agreed with Pickard, Pitt consenting, to give the note for $200 to Pitt. That upon the completion of the house, Acosta owed Pickard $200 on the contract and $58 for extra work on the building. He paid $25, and Pickard agreed to give him a release in full, if he would give Pitt the note for $200, which he agreed to do. That Pitt called upon him a day or two afterwards and asked him for the note.

Plaintiff offered, but was not allowed, to prove that when he called upon Acosta, Acosta refused to give him the note for $200 at six months, but offered to give him one for $150 at the same time. That Pitt refused the latter and immediately filed his lien, and gave the statutory notice to Acosta ; and that Acosta had never paid him nor given him the note for $200.

Acosta demurred to the evidence, the demurrer was sustained, and judgment rendered for him, and Pitt prosecutes this writ of error to reverse the judgment, assigning as error the refusal to admit the testimony offered and the sustaining of the demurrer to the evidence.

*W. A. Blount* for Plaintiff in Error.

The question presented is whether or not Pitt, at the institution of the suit, had a present right of action against Acosta, under the mechanics' lien law. This question is resolvable into two others.

1. Did Pickard have, at the institution of the suit, a pressent right of action against Acosta; and

2. Had, at that time, such right been transferred to Pitt?

1. Plaintiff in error contends that Pickard then had two present rights of action against Acosta. The agreement to give and to receive the note had been broken by Acosta, and the breach gave Pickard an immediate right to sue.

*a.* Upon the contract for the contract price. Lutz vs. Ey., 3 E. D. Smith, (N. Y., C. P.,) 621.

Indebtedness by reason of non-payment of the contract price is admitted. An indebtedness would, in the absence of an express agreement to give time, become due and payable at once upon a full rendition of the agreed service. The service had been performed, but Acosta had the right to postpone the time of payment by giving a note. The extension of the credit was upon the condition that the note should be given, and upon a refusal to perform the condition, the indebtedness remained due and payable.

Acosta had the privilege of paying in cash or by note. He refused to give the note and thus elected to pay cash. He could not withdraw this election, and Pickard had a right to sue immediately for non-payment of the cash. Rugg vs. Weir, 16 C. B., N. S., 477.

I am aware of certain old English authorities which hold, in the analogous case of a sale of goods, that an agreement that payment may be made by note, is an agreement for a credit till the agreed maturity of the note, and that, even if the note be not given, no action for the price of the goods lies until the time when the note would have matured, had it been given. I am not aware, however, that these authorities have been followed in this country, and the reasoning upon which they are based is entirely technical and is unsatisfactory, giving, as it does, to the breaker

18

of the contract, immunity from action for the price of the goods which he has received, and extending to him the same credit whether he keeps or breaks his contract by giving or refusing to give the note. Acosta, by his refusal, refused to perform the condition upon which present payment, implied by law, could be made future payment, and therefore Pickard had an immediate right of action for the failure to make present payment.

*b.* For damages for a refusal to give the note. Hanna vs. Mills, 21 Wend., 90 ; Rinehart vs. Olewine, 5 W. & S., 157 ; Hutchinson vs. Reid, 3 Camp., 329.

In which action the damages would be precisely the same as in an action for the unpaid contract price, *i. e.*, the face of the note which should have been given. Hanna vs. Mills and Rinehart vs. Olewine, supra.

This right of action would mature at once upon the refusal to give the note, and consequently had matured at the beginning of this suit.

2. (*a*). The court below and the defendant in error denied the existence of a right of action in Pickard on the contract until the maturity of the note which should have been given, and therefore the question as to the transferability of such right did not arise. Had it arisen there could have been but an affirmative answer, for the admission of a right of action in Pickard on the contract for the agreed price, is an admission of the right in Pitt, for the primary object of the statute, so far as it confers rights upon the material man, is to transfer to him the right of the contractor to enforce payment from the owner under the contract.

(*b*). The defendant below admitted Pickard's right of action for Acosta's refusal to give the note, but denied that such right passed to Pitt by the service of the notice upon Acosta; upon the theory, evidently, that this was a breach of an obligation outside of the contrac , and that Pitt could

acquire only rights arising from a breach of the contract by Acosta. But the agreement to give the note was a part of the contract. The refusal to give it was a breach of the only part of the contract that remained to be performed by Acosta. Pickard had performed all of his contract. It was payment only in which Pitt was interested, and the service of the notice transferred to him Pickard's right to bring suit in case of non-payment in the contract made.

But even were the contract to give the note a substitutionary contract, the right to sue for a breach of it would pass to Pitt.

The proceeding to transfer the liability of the owner from the contractor to the material man is a garnishment proceeding. Ferguson vs. Buck, 4 E. D. Smith; Cahoon vs. Levy, 6 Cal., 295; McAlpine vs. Duncan, 16 ib., 127. The only difference, I apprehend, between this and a garnishment proceeding is, that the service of the writ of garnishment subrogates the plaintiff to all rights which the defendant may have to enforce in the present or future any contractual liability of the garnishee, and the service of the statutory notice only subrogates the material man to such rights of action, present or future, as the contractor may have against the owner for any default in his obligations arising from the contract for the construction, or from the construction, of the building for which the materials have been furnished. The character of the rights is not different, but in the latter case they are limited by the relation which they must bear to the subject-matter of the contract, express or implied, between the owner and contractor, for the erection or repair of the structure. But, within the scope of this relation, the subrogation of the material man, after service of the statutory notice, is as complete as the subrogation of the plaintiff in garnishment, after service of the writ of garnishment. The garnishment binds all in-

debtedness of the garnishee to the defendant, whether arising from an original or a substituted obligation, and the service of the material man's notice binds all indebtedness from the owner to the contractor, arising out of the contract, or service, of building, whether the indebtedness at the moment of the service of the notice, has accrued from a breach of the original contract between the owner and contractor, or from the breach of a substituted obligation. Whether the obligation be original or substituted, the basis of the indebtedness is the erection or repair of the building for which the material man has furnished materials. If the indebtedness for such erection or repair still exists at the time of the service of the notice, then the notice binds it, no matter what form it may have taken as between the owner and contractor. The material man has no concern in the form of action which the contractor has against the owner. He is only concerned to know that a right of action, *ex contractu*, arising out of the construction of the building, exists in the contractor against the owner.

Were it otherwise the owner and contractor might at any time, by changing the form of contract, although the indebteness still remained, divest the material man of all right against the owner or his property. After the indebtedness exists, the material man's right to subject it to his claim can be extinguished only by payment or release before the service of his notice.

If Pickard's right of immediate action for the refusal to give the note did not pass to Pitt, but Pickard's right of action upon the contract, at the maturity of the note agreed to be given and received, did pass to Pitt, as was admitted by defendant below ; then, after the service of the notice, one right of action existed in Pitt and one in Pickard. Both these rights of action, however, arose from the same cause, and judgment obtained upon one would extinguish

the other.   Pickard might very readily obtain judgment
upon his before the expiration of six months, and the judg-
ment would be pleadable in bar to Pitt's action when
brought.   So would a payment to Pickard of his right of
action, or a release thereof by him.   Were this true, then
the owner and contractor would be able to modify or de-
stroy the rights of the material man, even after the service
of the notice ; and were it not true, the owner could be
made to pay the indebtedness twice—once to Pitt and once
to Pickard.

The court will repudiate any doctrine which requires it
to admit such consequences as the legitimate results there-
of.

But, even if the plaintiff in error was not entitled to a
judgment for the $200, yet he was entitled to a judgment for
$33.   Pickard establishes an indebtedness at the completion
of the building of $258—$25 was paid before Pitt gave no-
tice to Acosta, and excluding the $200, which was to be
covered by note, there still remained $33, which was due
and payable at the beginning of the suit, and for which
judgment should have been rendered.

The foregoing argument covers all the assignments of
error, for if the theory of the plaintiff in error that the re-
fusal of Acosta to give the note gave a present right of ac-
tion to Pickard which had passed to Pitt at the institution
of the suit be correct, then the evidence to establish such
refusal should have been admitted and the demurrer to the
evidence overruled.

*E. A. Perry* for Defendant in Error.

The court did err in sustaining objections to 9th, 10th,
11th and 12th interrogatories to Pickard, and his answers
thereto.   They were irrelevant, for they in no wise tended
to prove plaintiff's side of the issue ; *i. e.,* that if there was

any balance at any time to be paid by defendant, that it was due and payable and collectable on the 12th day of June, 1879.

They were incompetent. A parol promise by Acosta to make a note to Pitt would have been void under the Statute of Frauds. Phillips on Mechanics' Liens, §213. Cites McDonald vs. Dodge, 10 Wis., 106. And such parol promise could not be the ground of any action. Pike vs. Irwin, 1 Sanford, N. Y., 14.

Much less would evidence that Acosta promised to give to Pitt evidence by a promissory note that a certain balance would be due, payable and collectable six months from the 1st of May, 1879, be evidence that such balance was due and payable and collectable one month and twelve days from the 1st of May, 1879.

The same as above can be said as to the court's excluding the proffered testimony of Pitt.

Clearly the first and second assignments show no error.

Nor did the court err in sustaining the demurrer.

The plaintiff's evidence not only did not sustain his side of the issue, i. e., did not show that any balance at any time to be paid by Acosta to Pickard was due and payable and collectable at the time of the institution of the suit, but it showed conclusively the reverse.

The contract, which was part of the plaintiff's evidence, expressly shows that any such balance was to be on a credit of six months.

Pickard himself could not have enforced the payment of such balance until the same by the contract became collectable. Pitt, between whom and Acosta there was no privity, certainly could not exact from Acosta what his contractor could not exact. ·

"Owner cannot be required by sub-contractor to make payment until the moneys become payable by the terms of

his contract." Phillips on Mechanics' Lien, §209; Pendle-burg vs. Meade, 1 E. D. Smith, N. Y., 728; Cronk vs. Whit-taker, ib., 647; Trustees of Wylly Academy vs. Sanford, 17 Fla., 162.

If there was any right of action, either in Pickard as con-tractor, or in Pitt as sub-contractor vs. Acosta, clearly un-der the contract and the evidence introduced and proffered, it was not an action for any unpaid balance of the contract price; for that was to run for four and one-half months after the time of the commencement of this action—but probably an action for specific performance, or for damages for non-performance.

It was not a case of election, as in Rugg vs. Weir, 16 C. B., N. S., 477. Acosta could not have forced Pickard to take cash instead of six month's note, for such election was not given by the contract.

Acosta might have been sued on the 12th day of June, or before, for breach of his special agreement to give a note, and it would have rested with the jury to fix the damages arising from that breach, but he could not be sued for any balance for which he had only contracted to give a six month's note, until the credit expired. Mussen vs. Price, 4th East, 147. "Goods sold and delivered upon an agree-ment to be paid for by a present bill payable at a future day, does not create a present debt." Hoskins vs. Dupe-roy, 9th East, 498.

But there was no issue before the court that involved any question of breach of the contract, and the court and the jury could only try, and admit testimony pertinent to, the issue made by the pleadings. An issue could not be im-provised by the court.

The issue was not whether any damages for breach of contract or any amount of work extra the contract was due at the time of the institution of the suit, but whether "any

*balance under the contract"* was at that time due, payable and collectable.

As to the manner in which the demurrer to the evidence was interposed, and the court's proceedings thereupon, no point is made in plaintiff's assignment of error, and under rule 8 of this court, those proceedings need not be examined.

But the court below had before it the case of Hinote vs. Simpson & Co., 17 Fla., 444, and the proper practice, as there indicated, seems to have been strictly pursued. The judgment of the court below should be affirmed with costs.

THE CHIEF-JUSTICE delivered the opinion of the court.

The liability of Acosta to Pickard was, under the original contract, to pay him by a note at six months. The money was not to be paid until after six months. Pitt did not by furnishing Pickard the materials to build a house for Acosta, and filing his lien, acquire a right under the contract to compel Acosta to give *him* the note, nor did Pitt acquire a present right to sue Acosta for the money by reason of a breach of the contract by the refusal to give the note to Pickard. Pitt had no right of action against Acosta on the contract.

By virtue of his lien, he had under the statute a right to the money, to be paid when it would become due, by the terms of the contract, and to collect it out of the property. Chapter 3042, Laws 1877.

When the lien attached, and Acosta had notice of it, he could not satisfy Pitt's lien by giving his note to Pickard, yet this would have been a compliance with his contract, and no action could have been maintained by Pitt upon the contract. Pitt's suit was brought to enforce his lien to the extent of the amount due, or to become due, from Acosta.

With the contract he had no concern, except as it fixed the time of payment and the amount. Pitt was therefore not entitled to a note, nor does he sue to compel the giving of a note according to the terms of the contract.

The convention of the parties after notice of the lien, as shown by the testimony, did not change the status, nor did the unexecuted naked agreement that the note should be given by Acosta to Pitt for the $200 at six months give a right of action recoverable under his declaration in this proceeding to enforce a furnisher's lien. If there arose any present right of action by Pitt against Acosta, it was not by virtue of the original contract but under the new agreement, but this is not the subject of this suit. The verbal promise of Acosta to give a note to Pitt instead of Pickard, thus paying so much of Pickard's debt to Pitt, leaves the parties *in statu quo.* This new agreement, and the consideration and compromise leading to it, were at most evidence of the amount unpaid and to be paid on the original contract and the extent of the lien. Pitt suffers nothing by failing to get the note. His lien, if valid, authorizes him to enforce it against the property within twelve months after the expiration of the credit, and his security meantime is good.

It is insisted that the defendant having refused to give the note to Pitt, he has a present right of action to sue for the money. But none of the authorities cited warrant this conclusion. There was no election reserved in the contract to pay the money or give a note, the contract calling on defendant to give his note to Pickard. Pickard was the only party entitled to sue for damages for the refusal to give the note (the only breach), and he was perhaps estopped by the filing of the lien and notice to defendant thereof. For authorities sustaining the foregoing position reference is made to the briefs of counsel on both sides.

The plaintiff, in conclusion, claims that even if he was not entitled to a judgment for $200, yet he was entitled to a judgment for $33, because Pickard's testimony establishes an indebtedness at the completion of the building amounting to $258, $25 of which was paid before Pitt gave notice to Acosta, and excluding the $200, covered by the note, there still remained $33 due and payable at the beginning of the suit, and for which judgment should have been given in plaintiff's favor.

It is true that Pickard states the amount due him at $258 on account of extra work, &c., but at the conferences of the parties it appears Acosta claimed certain deductions on account of defects in the building, and the amount was compromised at $225, of which $25 was paid to mechanics before the lien of the plaintiff attached, and there is nothing in the evidence to show that this compromise was not just. All the testimony given was on the part of plaintiff.

The result is, that the testimony offered failed to show a present right of action against the defendant, Acosta. The testimony of the plaintiff was properly refused, and the demurrer to all the evidence offered by the plaintiff should be, as it was, sustained.

The judgment is affirmed.