W. T. CLARK, *Plaintiff in Error*, v. UNITED GROCERY COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed May 18, 1915.

1. The allegations of a declaration which are not denied by plea are admitted to be true.

2. Requested instructions which are not applicable to the evidence are properly refused.

3. An endorser, guarantor or surety upon. a promissory note is not relieved of his liability thereon by the act of the payee who merely grants to the maker an indulgence in the matter of the extension of time for the payment of the note beyond maturity, which does not for the time being present any legal obstacle to the enforcement by the payee of the original obligation against the maker.

4. Where there is a conflict in the evidence on material matters a new trial will not be granted on account of such conflict where there is evidence to support the verdict.

Writ of error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*Carter & McCollum,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in ·Error.

ELLIS, J.—The United Grocery Company, a corporation, plaintiff below, brought suit against W. T. Clark on four promissory notes made by the Co-operative Grocery Company, a corporation, payable to the order of the United Grocery Company, each in the sum of five hundred dollars, dated July 6th, 1909, and payable in October, November, December and January following, respectively. These notes were signed by the "Co-operative Grocery Co. by G. M. Clark Pres.," and each bore the following endorsement: "For value received we hereby indorse the within note and guarantee its payment, and hereby waive demand and protest and notice of demand, non-payment and protest. W. T. Clark, G. M. Clark."

The declaration in each of the four counts alleges that the defendant endorsed the notes and specifically waived demand and protest and notice of demand, non-payment and protest, and plaintiff in accepting and receiving said notes relied upon said endorsement and said notes were and still remain unpaid, except that on the note which first became due and was made the subject of the first count the sum of $222.84 was paid.

Seven pleas were interposed by the defendant to the declaration: First, payment by principal debtor; second, satisfaction and discharge by the maker of the note; third, set-off on behalf of the maker; fourth, denying presentation of note for payment; fifth, denying that plaintiff in accepting the notes relied upon the endorsement of the defendant; sixth, that defendant was an accommodation endorser for the payee of the notes without receiving value therefor, and seventh, that plaintiff extended the time of payment without knowledge or consent of the defendant.

The declaration alleges in each count that the notes

were "duly presented for payment, and payment thereof refused." The word "refused" was used in the first count, and the word "dishonored" in the others. After the pleas were filed the plaintiff applied for and obtained leave to amend the declaration by eliminating from each count the words above quoted, and substituting therefor the words "and the said note was and still remains unpaid, to the damage of the plaintiff, wherfore it brings this suit."

The plaintiff then joined issue upon the defendant's first, second, fourth, fifth and seventh pleas, and replied to the second and third pleas that the goods and chattels delivered to the plaintiff by the maker of the notes, and made the subject of the second and third pleas were delivered to plaintiff as gratuitous bailee to be held for the account of the maker of the notes, denying that the goods were sold to or accepted by the plaintiff on account or in satisfaction of the notes, and averring that the title to the property was still in the Co-operative Grocery Company, the maker of the notes, but held by the plaintiff for the purpose of realizing thereon and applying the proceeds to the satisfaction of the debt sued on, and denying any indebtedness to the Co-operative Grocery Co., and never was indebted as to the third plea. As to the sixth plea denied that the defendant endorsed the notes for the accommodation of the payee, but alleged that he endorsed the notes for the accommodation of the maker. Issue was joined by defendant on all the replications. Afterwards a demurrer to the fourth plea was sustained, and the defendant withdrew his sixth plea.

So the issues raised by the pleadings in this case were: first, payment; second, satisfaction and discharge by the delivery of certain chattels to the plaintiff by defendant;

third, set-off; and, fourth, release of defendant's liability by extension of time for payment without knowledge or consent of defendant.

Upon these issues the parties went to trial, there was a verdict and judgment for the plaintiff in the sum of $2,318.16. To this judgment the defendant took writ of error.

The counsel for plaintiff in error discuss only four of the eleven assignments of error, namely the first, fourth, ninth and tenth. The tenth assignment rests upon the order of the court denying the motion for a new trial. The grounds of the motion discussed under this assignment are: The fourth, which raises the question of the sufficiency of the evidence to support the verdict; the sixth, that the evidence establishes the issue raised by defendant's fifth and sixth pleas in favor of the defendant that defendant was an accommodation endorser for plaintiff without consideration, and the seventh and eighth grounds under which it is contended that the evidence shows a conversion by the plaintiff of the chattels referred to in the third plea and for that reason the verdict should have been for the defendant; the conversion of one refrigerator by the plaintiff for which the jury made no allowance in their verdict.

It is insisted in behalf of plaintiff in error that the court below should have sustained defendant's objection to the introduction in evidence by the plaintiff of the four notes which formed the basis of the suit. The grounds of objection were: First, the endorsement appearing on the back of the notes is a contract of guaranty and not one of endorsement, which constitutes a variance between the contract sued on and the proof offered in

support of it; second, the contract is a joint one between defendant and another, and that other is not joined in the suit. The overruling of this objection constitutes the basis for the first assignment.

The pleas interposed by the defendant were not such as denied the contract sued on, they were pleas in confession and avoidance. Rule 66 Law Actions; 31 Cyc. 215. See Skinner Mfg. Co. v. Douville, 57 Fla. 180, 49 South. Rep. 125; Mizell v. Watson, 57 Fla. 111, 49 South. Rep. 149.

The allegations of the declaration as to the making of the notes by the Co-operative Grocery Co., the terms and conditions thereof as set out in the declaration, the endorsement of the same by defendant and the waiver of demand and protest and notice of demand, non-payment and protest not being denied by the pleas, are admitted to be true. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Cotton States B. & S. Co., v. Florida Railway, decided this term.

The defendant, a witness in his own behalf, was asked: "Do you know that these notes or either of them was ever presented to the maker for payment?" This question was objected to by plaintiff's attorney, and the objection sustained. This ruling is made the basis for the fourth assignment. The pleadings presented no such issue. The declaration alleged waiver of demand, this allegation was not denied by the pleas. A demand on the maker when the note became due and his failure to pay were sufficient under the pleadings to charge the indorser. 3 R. C. L. 1171, section 388.

The defendant requested the following instruction,

which was refused: "If you believe from the evidence in this case that G. M. Clark, representing the maker of the notes sued on, and B. G. Lassiter, representing the plaintiff, at or after the maturity of the notes entered into an agreement by which the plaintiff, United Grocery Company promised to extend the time of payment of said notes upon consideration that said Co-operative Grocery Company should renew its trading relations with the United Grocery Company, and that the Co-operative Grocery Company did, in pursuance thereof, renew its trade with the United Grocery Company, and that it was agreed that such extension of time should be such a length of time as would enable the said Co-operative Grocery Company to pay off the amount due on said notes at the rate of $25.00 per week thereafter, and should you further believe from the evidence that the performance of such agreement, if any you find, was entered upon and that thereafter certain payments were made upon said notes by the Co-operative Grocery Company, and that such payments were made in pursuance of such agreement, if any you find, and if you should further believe from the evidence that the defendant W. T. Clark had no knowledge of, and did not consent to such agreement, if you find one was entered into, then I charge you that your verdict in this case should be for the defendant, W. T. Clark."

We think the requested instruction was properly refused because it was not applicable to the evidence. Upchurch v. Mizell, 50 Fla. 456, 40 South. Rep. 29; Jacksonville Street Railway Co. v. Chappell, 21 Fla. 175; South Florida R. Co. v. Weese, 32 Fla. 212, 13 South. Rep. 436; Savannah, F. & W. Ry. Co. v. Tiedeman, 39 Fla. 196, 22 South. Rep. 658. There was no evidence to support the theory that the United Grocery Company promised to extend the

time of payment, in consideration of the promise of the Co-operative Grocery Company to renew its trading relations with the plaintiff, nor was there any evidence that any definite time for such extension was agreed upon between the maker and payee. The testimony of Mr. G. M. Clark upon this subject was: that Mr. Lassiter representing the plaintiff, the United Grocery Company came down to the place of business of Mr. G. M. Clark and "wanted to know how about some money," evidently referring to the notes; Mr. Clark told Mr. Lassiter that he did not see how he was to make payments, Mr. Lassiter then suggested that Mr. Clark "make payment of so much a week." Mr. Clark's reply was he did not know how he would come out of that. Lassiter then said "Can you make it $25.00 a week?" Clark replied "I think I can try it any way." Mr. Clark then said when he began making payments of $25.00 a week Mr. Lassister advanced more credit. From time to time Mr. Clark made payment until he had paid two hundred and twenty dollars. On cross-examination Mr. Clark testified as follows: "Q. Did Mr. Lassiter ever enter into an agreement in regard to an extension of time on these notes. Did he say, 'If you will pay so much, I will hold it until such and such a time,' or anything like that? A. On the ones that were due, you mean? Q. Yes? A. No, I don't think. Q. Is it not a fact Mr. Clark, that he just kept coming to you for something on these past due notes and tried to get whatever he could, is that a fact, that he wanted you to pay as much as you could, whenever you could? A. No, sir, it was not. We first made an agreement that I was to pay so much a week, and I of course, did not keep the agreement all the time. Q. Well, in return for that agreement, he was going to let you have more, was that it? A. That's it, more credit. Q. Is that the reason that he was going

to let you have more groceries because you made payments on those notes? A. That is it."

It seems from the testimony of Mr. Clark that the United Grocery Company, through its agent, Mr. Lassiter, simply tried diligently to collect the notes as they became due, without resorting to suit on them. Lassiter's suggestion to accept monthly payments, or weekly payments was a mere indulgence on the plaintiff's part toward the maker, the agreement to extend further credit to the maker was a benefit to it, as was the forbearance of the payee toward the maker. There was no valid, binding agreement between the payee and maker of the note which for the time being presented a legal obstacle to the enforcement by the payee against the maker of the original obligation. The rights therefore of the defendant as endorser, guarantor or surety were not affected or altered by the transaction, nor was he relieved of his liability on the notes. Fridenberg v. Robinson, 14 Fla. 130; Way v. Dunham, 166 Mass. 263, 44 N. E. Rep. 220; 3 R. C. L. p. 1277, section 507.

The tenth assignment involves an examination of the evidence. The evidence is sufficient to support the verdict. The jury as judges of the weight of the evidence and the credibility of the witnesses, took the view as shown by the verdict, that the chattels mentioned in the second plea were delivered to and held by the plaintiff in the capacity of gratuitous bailee, and that there had been no conversion of any of them by the plaintiff, and that the defendant was an accommodation party for the maker of the notes. The case was fully presented and fairly tried.

When there is any evidence to support the verdict, it will not be set aside merely because there is a conflict

in the evidence.    McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588; Williams v. State, 45 Fla. 128, 34 South. Rep. 279.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHITFIELD, JJ., concur.