INDIAN LUMBER COMPANY, a corporation under the laws of the State of Florida, J. H. HANBURY, M. A. MILAM, and GASTON DRAKE, *Plaintiffs in Error*, vs. E. T. ROUX, *Defendant in Error*.

143 So. 142.

Division B.

Opinion filed July 6, 1932.

Petition for rehearing denied September 29, 1932.

*Quincey & Rice* and *P. H. Odom,* for Plaintiffs in Error; *Martin H. Long,* for Defendant in Error.

PER CURIAM.—E. T. Roux brought an action as the endorsee of a negotiable promissory note executed by Indian Lumber Company as maker and endorsed by J. H. Hanbury, M. A. Milam, and Gaston Drake, the note being payable to the order of the Florida National Bank at the Florida National Bank of Jacksonville (Duval County, Florida). The declaration alleges that Hanbury, Milam and Drake and also J. K. Kelly endorsed the note and "that after they had so endorsed said note" it was duly delivered to the payee therein, and said note was thereafter endorsed and delivered to the plaintiff without recourse; that thereafter the plaintiff released J. K. Kelly from his liability as endorser, but reserved all rights against the remaining endorsers and endorsed such reservation on the back of said note; that the note has not been paid. By amendment appropriate allegations were made as to complainant's right to attorney fees provided for in the note for collection by suit. See Blount Bros. R. Co. vs. Eilenberger, 98 Fla. 775,

124 So. 284. Writ of error was taken to a judgment for the plaintiff upon sustaining demurrers to the pleas.

A statute provides that the maker or makers of promissory notes or other negotiable instruments and all other persons who at or before the execution and delivery thereof, endorsed, guaranteed, or became surety for the payment thereof, or otherwise secondarily liable for the payment of the same, may be sued in one and the same action. Section 6819 (4733) C. G. L.; Williams v. Penn. Grocery Co., 73 Fla. 937, 75 So. 517; Prosser v. Orlando Bank & Trust Co., 93 Fla. 177, 111 So. 516.

The defendants ''for their several plea in abatement,'' aver:

(1) ''That they do not now, and did not at the time that this suit was instituted, reside in Duval County, Florida, that they are and were at the time that the suit was instituted, residents of the State of Florida, the defendant Indian Lumber Company being a corporation under the laws of the State of Florida, with its only office and place of doing business in Palm Beach County, Florida; that the defendant J. H. Hanbury (sued as J. C. Hanbury) did at the time this suit was instituted and does now reside in Palm Beach County, Florida; that the defendant M. A. Milam did at the time that said suit was instituted and does now reside in Dade County, Florida, and that the defendant Gaston Drake did at the time that said suit was instituted and does now reside in Dade County, Florida, that process therein was not served upon them or either of them in Duval County, Florida, but that process was served upon the Indian Lumber Company and the said J. H. Hanbury (sued as J. C. Hanbury) in Palm Beach County, Florida, and that process was served upon the said M. A. Milam and Gaston Drake in Dade County, Florida, and if any cause of action accrued anywhere, it accrued in Palm Beach County, Florida; that the plaintiff is now and since the institution of said suit has been a resident of Hillsborough County, Florida; that the plaintiff acquired his alleged interest in said note after maturity

and the right of the Florida National Bank to institute suit on said note in Duval County, Florida, did not accrue to the plaintiff by acquiring said note, and each of these defendants claims the privilege of being sued in either Dade or Palm Beach County at his election, and none of these defendants submits himself or itself to the jurisdiction of this Court except for the purpose of determining their rights as alleged in this plea.''

(2) ''That the debt sued upon in said case was originally incurred by the Indian Lumber Company to Florida National Bank, and that J. K. Kelley, J. H. Hanbury and E. T. Roux, the plaintiff herein, endorsed the note representing said debt; said note was from time to time renewed with the endorsements aforesaid; finally, said E. T. Roux, as these defendants understood, was released from his endorsement of the note representing said original indebtedness, and an agreement was made between the Florida National Bank and defendants, whereby a renewal note should be signed to the Florida National Bank, and that said renewal note should be endorsed instead of by E. T. Roux, by the said M. A. Milam and Gaston Drake, and this was done; it later developed that said E. T. Roux was not released by the Florida National Bank from the payment of said indebtedness, but that by a separate agreement which agreement was kept secret from defendants, the Florida National Bank still held said Roux bound to pay the indebtedness sued on in this case. After the maturity of said note, and prior to the filing of this suit, said E. T. Roux, a he was legally bound to do, did pay to said Florida National Bank the full amount due upon said note, and the said Florida National Bank did endorse said note to the said E. T. Roux without recourse on it. That the plaintiff is now and since the institution of said suit has been a resident of Hillsborough County, Florida; that the plaintiff acquired his alleged interest in said note after maturity and the right of the Florida National Bank to institute suit on said note in Duval County, Florida, did not accrue to the plaintiff by acquiring said note, and each of these defendants claims the privilege of being sued in either Dade or Palm Beach County, at his election, and none of the defendants sub-

mits himself or itself to the jurisdiction of this Court except for the purpose of determining their rights as alleged in this plea.''

That

(3) ''Defendants allege all of the facts stated in the preceding plea and further say that payment by the said E. T. Roux of the indebtedness for which he was originally bound, entirely discharged said M. A. Milam, the said Gaston Drake and the said J. H. Hanbury from the payment of said note which they had endorsed subsequent to the endorsement of the original note, and subsequent to the guaranty of the original indebtedness of said E. T. Roux and these defendants say that the Circuit Court of said County of Duval, Florida, has no jurisdiction of the above entitled cause; that the plaintiff is now and since the institution of said suit has been a resident of Hillsborough County, Florida; that the plaintiff acquired his alleged interest in said note after maturity and the right of the Florida National Bank to institute suit on said note in Duval County, Florida, did not accrue to the plaintiff by acquiring said note, and each of these defendants claims the privilege of being sued in either Dade or Palm Beach County at his election, and none of these defendants submits himself or itself to the jurisdiction of this Court except for the purpose of determining their rights as alleged in this plea.''

Section 4219 (2579) C. G. L. provides:

''Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.''

Section 4220 (2580) C. G. L. 1927, provides:

''Suits against two or more defendants residing in different counties (or justice's district) may be brought in any county or district in which any defendant resides.''

Section 4222 (2583) C. G. L. 1927, provides that:

''Suits against domestic corporation shall be com-

menced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is; and in the case of companies incorporated in other States or Countries, and doing business in this State, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."

The declaration alleges that the note was payable "at the Florida National Bank of Jacksonville," which is in Duval County, Florida, and the note attached as the "cause of action," shows the note was payable "at the Florida National Bank of Jacksonville." The averment of the first plea that "if any cause of action accrued anywhere, it accrued in Palm Beach County, Florida," is the statement of a conclusion of law with no statement of facts to sustain the asserted conclusion, and is not good against the allegations of the declaration that the note was payable in Duval County supported by the copy of the note as the cause of action required by the statute to be filed with the declaration. Par. 2, Sec. 4313 (2547) C. G. L.

The pleas aver "that the plaintiff acquired his alleged interest in said note after maturity and the right of the Florida National Bank to institute suit on said note in Duval County, Florida, did not accrue to the plaintiff by acquiring said note." As the obligations of the maker and the endorsers of the note are fixed by the terms of the note under the law, the mere endorsement and delivery by the payee of the note even after its maturity do not change the obligation to pay at the place stated in the note; and as the action was brought in Duval County, where the note was made payable, and the cause of action accruing in such county upon default in payment as undertaken, the action was properly brought in that county under the statute. See County of Santa Rosa v. Trobuck, 77 Fla. 86, 80 So.

748; Williams vs. Penin. Groc. Co., 73 Fla. 937, 75 So. 517.

The averments of the second and third pleas not above commented on do not state a legal defense to the action of the note as executed and sued on. Demurrers to the pleas were properly sustained.

Other pleas were filed as follows:

"4th. And for a further joint and several plea to said declaration, the defendants, M. A. Milam and Gaston Drake, severally say: That the original obligation to the Florida National Bank of Jacksonville, Florida, of which the note sued on is a partial renewal, was the obligation of the Indian Lumber Company and was endorsed by E. T. Roux, J. K. Kelley and J. H. Hanbury; that neither M. A. Milam nor Gaston Drake was an endorser on said original obligation. That said defendants, Milam and Drake at the request of the plaintiff endorsed said renewal note, and that the endorsement was without consideration moving to either of said defendants. That these defendants endorsed said note upon the representation of the plaintiff that the original note could not be renewed with plaintiff as an endorser thereon, which representation said plaintiff well knew to be false. Said defendants relied upon said representation as being true, otherwise they would not have endorsed said note. That the Florida National Bank in renewing said note, did not release the plaintiff, but at or before the time of the acceptance of the note sued on, entered into an agreement with the plaintiff, by which said plaintiff guaranteed the payment of said note; said plaintiff being at the time responsible to the Bank for the payment of the indebtedness represented by said original note. That these defendants if liable on said note or any part thereof, are secondarily liable to said Bank, and the payment of said note by said plaintiff, E. T. Roux, has discharged said obligation and these defendants as endorsers thereon, and the plaintiff has no claim whatsoever against them.

5th. And for a fifth joint and several plea to said declaration, the defendants, Milam and Drake, severally say; That at the time said Milam and Drake endorsed

said note, they did not know they were endorsing a note upon which the plaintiff was in any manner liable, and had they known he was liable therefor, they would not have endorsed said note under circumstances on account of the unfriendly personal relations then existing between these defendants and said plaintiff; that the endorsement of these defendants on said note was obtained by fraud and misrepresentation, and there was never any meeting of the minds of the parties, and no contract exists by implication or otherwise between the plaintiff and these defendants with reference to the payment of said note, and the said plaintiff is estopped from asserting, or demanding any claim against these defendants to reimburse him for an obligation upon which he was primarily liable.

"6th. And for a sixth joint and several plea to said declaration, the defendants, J. H. Hanbury, M. A. Milam and Gaston Drake, severally say: That they allege and include here in the facts stated in the preceding pleas Numbered Four and Five, and further say: that these defendants deny that said plaintiff purchased said note in due course for a valuable consideration; but on the contrary these defendants severally allege the truth to be that said plaintiff paid and discharged said note as his own obligation by agreement with said Bank; and these defendants being accommodation endorsers on said note of the Indian Lumber Company, were thereby relieved of all obligation and liability thereon.''

The quoted fourth plea by the defendants Milam and Drake in substance avers that the original obligation of which the note sued on is a partial renewal, was the obligation of the Indian Lumber Company and was endorsed by the plaintiff and by Kelley and Hanbury; that neither Milam nor Drake was an endorser on said original obligation; that Milam and Drake endorsed the note sued on at the request of the plaintiff; that the endorsement by Milam and Drake was without consideration moving to either of them; that the bank in renewing the note, did not release the plaintiff, but plaintiff guaranteed the payment of the

note sued on, the plaintiff being responsible for the payment of the indebtedness represented by the original note; that these defendants if liable on the note, are secondarily liable to the bank, and the payment of the note by plaintiff has discharged the obligation and the defendants Milam and Drake as endorsers on the note sued on. Such averments being admitted by the demurrer afford a defense for Milam and Drake as against the plaintiff and the demurrer to such plea should have been overruled.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.