E. T. ROUX v. INDIAN LUMBER Co., *et al.*,
161 So. 270.
Opinion Filed May 9, 1935.

*Martin H. Long* and *McKay, Withers & Ramsey,* for Plaintiff in Error;

*H. J. Quincy,* and *P. H. Odom,* for Defendants in Error.

PER CURIAM.—Upon a prior writ of error in this case it was held that the fourth plea to the plaintiff's declaration there considered presented a good defense for the defendants, Milam and Drake, as against the plaintiff Roux, and that a demurrer that had been sustained to such plea should have been overruled. In consequence of the erroneous ruling on the demurrer, the first judgment was reversed. See Indian Lumber Co. v. Roux, 106 Fla. 77, 143 Sou. Rep. 142.

Upon remand of the cause the case was tried upon a stip-

ulation that the witnesses in the case, if sworn, would testify as follows:

"That the defendant Indian Lumber Company, made, and the remaining defendants endorsed the note described in the declaration, in the sum of twelve thousand dollars, dated July 18, 1928, payable sixty days after date, with interest after maturity at the rate of seven per cent. per annum.

"That the note for twelve thousand dollars was a renewal of a former note for fifteen thousand dollars, made by the Indian Lumber Company, and endorsed by all of the defendants, as well as J. K. Kelly, who was, by agreement of the parties, later released from his liability, for value, the rights against the maker and the other endorsers being duly reserved;

"That the defendants Milam and Drake, without consideration, endorsed the fifteen thousand dollar note, of which the twelve thousand dollar note sued on was a partial renewal, upon the representation by Mr. J. R. Kelly, one of the endorsers thereon, that the Florida National Bank would not release Mr. Roux, the plaintiff, from his liability on an obligation to that bank, of which the fifteen thousand dollars was to balance, unless they, the said Drake and Milam, would endorse the fifteen thousand dollar note, which was to be executed to said bank for said balance, but that the said Florida National Bank would release the said Roux from his obligation if the said Drake and Milam would endorse said note for fifteen thousand dollars, together with Kelly and Hanbury, and he requested them to endorse it, and that thereupon the defendants, Milam and Drake, endorsed said note with the understanding, as represented by Kelly, who had recently been in conference with the Florida National Bank, and the said E. T. Roux, that the

said Roux was fully discharged from his obligation to the Florida National Bank, or that he would be so discharged, when the note endorsed by Gaston Drake and M. A. Milam was presented to the bank; but that Mr. Roux did not make any personal representations to the defendants, Milam and Drake.

"That the said plaintiff was an endorser on obligations to the Florida National Bank, of which the fifteen thousand dollar note and the twelve thousand dollar note were the unpaid balances, and that the Florida National Bank declined and refused to release him from his liability on such obligations, and requested him to give, and he did give to said bank, his demand note for the said balance then due said bank, which included the fifteen thousand dollar note above described, and said demand note bears the same date as the original fifteen thousand dollar note endorsed by Milam and Drake. That thereafter the maker and endorsers of said twelve thousand dollar note did not pay the same, and, at the demand of the said bank, the plaintiff did pay the same, together with the accrued interest thereon to the date of payment, and thereupon took over said note, which is the note involved in this suit.

"That the said defendants, Milam and Drake, had no knowledge of the guarantee of Mr. Roux to the bank until after the maturity of the twelve thousand dollar note.

"It is stipulated by the parties that the plaintiff, if allowed recovery, is allowed a reasonable attorney's fee of twelve hundred dollars; and that the court shall upon these facts, direct a verdict either for the plaintiff or for the defendant."

The trial judge thereupon directed the jury in the case to find for the plaintiff, E. T. Roux, as against the corporate defendant, Indian Lumber Company, and in favor of

the personal defendants, Milam, Drake and Manbury, who had been sued in the declaration as endorsers of the note before delivery thereof to the payee, Florida National Bank, under which plaintiff Roux claimed and sued as an endorsee from said bank without recourse.

The fourth plea of the defendants, Marcus A. Milam and Gaston Drake, has been quoted in full in the opinion of this Court filed on the prior consideration of this case and will not be here repeated. See: Indian Lumber Co. v. Roux, 143 Sou. Rep. text page 144, second column on said page.

By way of special replication to the fourth plea of defendants Milam and Drake, plaintiff Roux averred that as between Milam and Drake, on the one hand, and plaintiff Roux on the other, that said Milam and Drake had, for a valuable consideration, become liable to the payee, Florida National Bank, independently of any liability of plaintiff as guarantor or otherwise, to said bank; that simultaneously therewith plaintiff became independently liable as a guarantor to the bank of payment of the note sued on, by virtue of a disconnected and separate promise on his part to the bank; that wholly without reference to plaintiff's separate guaranty, defendants Milam and Drake had voluntarily become liable to the bank directly on their own joint and several individual endorsements as surety for the payment of the indebtedness represented by the note sued on, which endorsement plaintiff averred said Milam and Drake had originally assumed in consideration of the delivering to them by plaintiff of certain stock in Indian Lumber Company, for the benefit of said Milam and Drake; that in consideration of the renewal and extension of the original note representing the real debt, that said Milam and Drake had renewed their endorsements of the original note, by endorsing

a renewal note to the Florida National Bank; that upon the maturity of the said renewal note, which is the note sued on, that plaintiff, as independent guarantor thereof, had been compelled by the bank to redeem his individual and separate guaranty of the payment of the note, and after doing so, had taken over the redeemed note from the Florida National Bank on the latter's endorsement of same to the plaintiff without recourse; that by virtue of the transaction so had with the Florida National Bank, that plaintiff had become entitled, as the succeeding lawful holder of the transferred note (deriving his title to it from its endorsement to him by Florida National Bank), to assert the same right of recovery against defendants Milam and Drake as endorsers on the note, that the Florida National Bank could have claimed, asserted and exercised as the designated payee of said note, prior to the Florida National Bank's endorsement of same to the plaintiff without recourse; that under the circumstances averred in more particular detail in said special replication, that plaintiff was entitled to step into the shoes of the Florida National Bank as transferor.

The replication introduced new matter not contained in the fourth plea, but no rejoinder by defendants was filed thereto. However, where the parties have gone to trial without raising the question of lack of joinder of issue on the replication by special rejoinder, the point is deemed waived. People's Nat. Bank v. Magruder, 77 Fla. 235, 81 Sou. Rep. 440; American Mfg. Co. v. McLeod & Co., 78 Fla. 162, 82 Sou. Rep. 802. Compare: Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 Sou. Rep. 64.

The fourth plea of defendants Milam and Drake was one in confession and avoidance of plaintiff's alleged cause of action. A plea in confession and avoidance is an affirmative plea, and the facts set forth therein are not only

required to be specially averred but so proved by the pleader. Such a plea admits the truth of the allegations of the opposite pleading. Raney v. Baron, 1 Fla. (1 Branch) 327; Hooker v. Johnson, 10 Fla. 198; Tison v. Broward, 17 Fla. 465; Pitt v. Acosta, 18 Fla. 270; Nyer v. Vaughn, 18 Fla. 647; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 Sou. Rep. 318; Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 Sou. Rep. 298; Clark v. United Grocery Co., 69 Fla. 624, 68 Sou. Rep. 766. The pleader of a plea in confession and avoidance in every case must assume the burden of affirmatively establishing the facts alleged in avoidance. Lakeside Press & Photo Eng. Co. v. Campbell, 39 Fla. 526, 22 Sou. Rep. 878.

The special fourth plea alleges that Milam and Drake only endorsed the note sued on at the request of plaintiff, Roux, and that in order to get them to endorse such note that Roux was guilty of misrepresentation to the effect that unless Milam and Drake would so endorse the note, that the Florida National Bank would not renew the note with the endorsement of Roux alone thereon.

The plan further alleges as part of its substance that Milam and Drake relied on the false representation made to them by plaintiff Roux, and that Roux himself not only made the false representation to said defendants but that he knew such representation at the time he made it, to be false and that it was the false representation of Roux and the reliance of defendants Milam and Drake upon it, that induced Milam and Drake to make their endorsement of a note which, when ultimately paid by Roux, the alleged motivator of the endorsement by false representation, should be considered in law as having discharged Milam and Drake.

A casual inspection of the stipulated evidence will show a

material and fatal discrepancy between what was alleged in the fourth plea and what was proved by the stipulation of facts.

The stipulated evidence discloses that Roux made no representations whatsoever, false or otherwise, to induce Milam and Drake to endorse the note sued on—that on the contrary, they signed the note because of an inducement made to them by one Kelley, who was seeking release from liability on the note and who obtained such release from liability on the renewal of the note sued on.

Stipulation of facts established without question that Milam and Drake, without consideration therefor, endorsed the note in controversy, but it is equally positive to the effect that they did so pursuant to the representations and inducements of one J. K. Kelly, another endorser, and not by reason of any inducement or representation in the premises made by plaintiff Roux, as positively averred in the plea. On this point the stipulation of facts is in terms to the effect that "Mr. Roux did not make any personal representations to the defendants Milam and Drake," yet the affirmative allegation of the fourth plea of Milam and Drake is to the unequivocal effect that "these defendants endorsed said note on the representations of the plaintiff (Roux) that the original note could not be renewed with plaintiff as an endorser thereon, which representations plaintiff (Roux) well knew to be false." (See plea as quoted in Indian Lumber Co. v. Roux, 143 Sou. Rep. text page 144).

As has been heretofore pointed out, the plea was one in confession and avoidance. The burden of proving the facts in avoidance was upon the defendants Milam and Drake, as pleaders of an affirmative defense. They failed in their proof in at least the particulars just pointed out and a di-

rected verdict in their favor based on their stipulated admission that their proof failed, cannot be allowed to stand.

It may be that the representations made by Kelley are in fact the representations of Roux by reason of some authorization from Roux to Kelly to make them upon Roux's behalf. But nothing in the plea avers such to be the fact and nothing in the stipulated evidence demonstrates that such is the case. Yet the proposition of inducements and representations as averred in the premises is a material element of the defense pleaded by Milam and Drake in their fourth plea, which is in the nature of a plea in estoppel and therefore equitable in character although properly asserted as a legal plea in bar of plaintiff's recovery.

We are not unmindful of the point that plaintiff in error relied for a reversal not only upon the lower court's refusal of his motion for a new trial,.but also on the Circuit Judge's refusal of his motion for a directed verdict. However, in view of the fact that further evidence on the point hereinbefore discussed may exist, we simply sustain the assignment of error relating to the court's denial of a new trial, and reverse and remand the cause for further appropriate proceedings, with leave to defendants to further amend their fourth plea if so advised and with further leave to follow up such an amendment with any subsequent appropriate pleadings.

Reversed with directions.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., not participating.