INDIAN LUMBER COMPANY, a corporation, J. H. HANBURY, M. A. MILAM and GASTON DRAKE v. E. T. ROUX.

179 So. 170.
Division A.
Opinion Filed December 17, 1937.
Rehearing Denied March 9, 1938.

*H. J. Quincey* and *P. H. Odom,* for Plaintiff in Error;

*McKay, Macfarlane, Jackson & Ramsey* and *Martin H. Long,* for Defendant in Error.

PER CURIAM.—This is the third appearance of this case here. See Indian Lumber Company, *et al.,* v. Roux, 106 Fla. 77, 154 Sou 142, and Roux v. Indian River Lumber Company, *et al.,* 119 Fla. 280, 161 Sou. 270. In disposing of the cause on its first appearance we said, in part:

"The quoted fourth plea by the defendants, Milam and Drake, in substance avers that the original obligation of which the note sued on is a partial renewal, was the obligation of the Indian Lumber Company and was endorsed by the plaintiff and by Kelly and Hanbury; that neither Milam nor Drake was an endorser on said original obligation; that Milam and Drake endorsed the note sued on at the request of the plaintiff; that the endorsement by Milam and Drake was without consideration moving to either of them; that the bank in renewing the note, did not release the plaintiff, but plaintiff guaranteed the payment of the note sued on, the plaintiff being responsible for the payment of the indebtedness represented by the original note; that these defendants if liable on the note, are secondarily liable to the bank, and the payment of the note by plaintiff has discharged the obligation and the defendants, Milam and Drake, as endorsers on the note sued on. Such averments being admitted by the demurrer afford a defense for Milam and Drake as against the plaintiff and the demurrer to such plea should have been overruled."

In disposing of the case on its second appearance here, we said:

"The special fourth plea alleges that Milam and Drake only endorsed the note sued on at the request of plaintiff, Roux, and that in order to get them to endorse such note that Roux was guilty of misrepresentation to the effect that unless Milam and Drake would so endorse the note, that the Florida National Bank would not renew the note with the endorsement of Roux alone thereon. The plea further al-

leges as part of its substance that Milam and Drake relied on the false representation made to them by plaintiff Roux, and that Roux himself not only made the false representation to said defendants, but that he knew such representation at the time he made it, to be false and that it was the false representation of Roux and the reliance of defendants, Milam and Drake, upon it, that induced Milam and Drake to make their endorsement of a note, which, when ultimately paid by Roux, the alleged motivator of the endorsement by false representation, should be considered in law as having discharged Milam and Drake.

"A casual inspection of the stipulated evidence will show a material and fatal discrepancy between what was alleged in the fourth plea and what was proved by the stipulation of facts.

"The stipulated evidence discloses that Roux made no representations whatsoever, false or otherwise, to induce Milam and Drake to endorse the note sued on—that on the contrary they signed the note because of an inducement made to them by one Kelley, who was seeking release from liability on the note and who obtained such release from liability on the renewal of the note sued on. Stipulation of facts established without question that Milam and Drake, without consideration therefor, endorsed the note in controversy, but it is equally positive to the effect that they did so pursuant to the representations and inducements of one J. K. Kelley, another endorser, and not by reason of any inducement or representation in the premises made by plaintiff Roux, as positively averred in the plea. On this point the stipulation of facts is in terms to the effect that 'Mr. Roux did not make any personal representations to the defendants, Milam and Drake,' yet the affirmative allegation of the fourth plea of Milam and Drake is to the unequivocal effect that 'these defendants endorsed said note on the rep-

resentations of the plaintiff (Roux) that the original note could not be renewed with plaintiff as an endorser thereon, which representations plaintiff (Roux) well knew to be false.' (See plea as quoted in Indian Lumber Co. v. Roux, 143 Sou. Rep. text page 144.)

"As has been heretofore pointed out, the plea was one in confession and avoidance. The burden of proving the facts in avoidance was upon the defendants, Milam and Drake, as pleaders of an affirmative defense. They failed in their proof in at least the particulars just pointed out and a directed verdict in their favor based on their stipulated admission that their prooof failed, cannot be allowed to stand.

"It may be that the representations made by Kelley are in fact the representations of Roux by reason of some authorization from Roux to Kelley to make them upon Roux's behalf. But nothing in the plea avers such to be the fact and nothing in the stipulated evidence demonstrates that such is the case. Yet the proposition of inducements and representations as averred in the premises is a material element of the defense pleaded by Milam and Drake in their fourth plea, which is in the nature of a plea in estoppel and therefore equitable in character, although properly asserted as a legal plea in bar of plaintiff's recovery. We are not unmindful of the point that plaintiff in error relied for a reversal not only upon the lower court's refusal of his motion for a new trial, but also on the Circuit Judge's refusal of his motion for a directed verdict. However, in view of the fact that further evidence on the point hereinbefore discussed may exist, we simply sustain the assignment of error relating to the court's denial of a new trial, and reverse and remand the cause for further appropriate proceedings, with leave to defendants to further amend their fourth plea if so advised and with further leave to

follow up such an amendment with any subsequent appropriate pleadings."

Pursuant to the mandate going down with the last judgment and opinion in the cause, defendants in the court below filed amended additional pleas 4, 5 and 6. The pleas are lengthy and it is not necessary to set them out in full. It is sufficient to say that the pleas are sufficient to set up a defense pursuant to the holding of this Court in case of Indian Lumber Company v. Roux, *supra,* as quoted above, and were also sufficient in allegations to show that the representations made by Kelley were so made by Kelley acting as the agent and emissary of Roux, as well as the agent, officer and representative of Indian Lumber Company, and were acted upon by the defendants, Drake and Milam, they then believing the representations to be true, and that they would not have so acted had such false representations not been made and that they would not have so acted had they not believed such representations were true.

The allegations of the pleas are sufficient to show that when Milam and Drake endorsed the notes referred to, one being the original note and the latter a renewal for the balance due of the original note, that such notes were given to guarantee the payment of an obligation then due by Roux to Florida National Bank and that obligation by Roux to the Florida National Bank continued until the payment of the renewal note by Roux. If these allegations are true, then Roux was primarily liable for the debt, regardless of the fact that he did not make or endorse either of the notes. Being primarily liable for the debt, when he paid the note he thereby discharged the liability and could not hold the guarantors by endorsement liable to him for the payment of the note which upon payment by him was endorsed to him without recourse.

We deem it unnecessary to again enter into the statement of facts involved in this case because they are sufficiently stated in former opinions.

Demurrer was interposed to the pleas and was sustained.

Trial resulted in judgment in favor of the plaintiff, Roux.

The order sustaining the demurrers to the 4th, 5th and 6th amended plea was error for which the judgment must be reversed and it is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.