SHIVERS, Judge.
This is an appeal from a final judgment ordering recovery of a balance due from a guarantor. The issue is whether a guarantor can be held liable for debts incurred beyond the terms of the guaranty agreement. We reverse and release the guarantor.
On December 3, 1981, appellant Bobby J. Bromlow (Bromlow), a shareholder of ap-pellee Tri State Medical Systems, Inc. (Tri State), executed the following guaranty:
In consideration for the extension of credit by Pyne Corporation to Tri-State Medical Systems, Inc., the undersigned personally guarantees and promises to pay to Pyne Corporation any and all indebtedness not paid by Tri-State Medical Systems, Inc., in accordance with the terms quoted on invoices billed to TriState Medical Systems, Inc., by Pyne Corporation.
Subsequently, Bromlow disassociated himself from Tri State Medical Systems, Inc. Tri State failed to pay for over $17,000 worth of merchandise received from appel-lee Pyne Corporation. Pyne Corporation and Tri State admit altering the terms for payment of Tri State’s debt by virtue of negotiations between themselves without the knowledge or consent of Bobby Brom-low. Pyne Corporation extended the time for payment and continued to extend credit even after Tri State failed to pay for goods in accordance with the terms billed on invoices. Eventually, Pyne Corporation brought an action against Tri State and the individual guarantors including Bobby Bromlow. A final judgment in favor of Pyne Corporation was entered.
Bobby Bromlow appeals asserting that his guaranty of Tri State’s debt to Pyne Corporation was limited to the “... terms quoted on invoices billed to Tri State....” Since the terms for payment of the debt were altered by negotiations between Pyne Corporation and Tri State without Brom-low’s knowledge or consent he claims he should not be liable. We agree that a guarantor cannot be held liable beyond the strict terms of his contract.
A guarantor will be released from liability by any material alteration of the original obligation or duty to which the guaranty relates. Hollywood Shopping Plaza, Inc. v. Schuyler, 179 So.2d 573, 574 (Fla. 2d DCA 1965). The general rule is that a valid agreement between a guarantee and a principal for an extension of time for payment, without the consent of the guarantor, releases the guarantor from the obligation of his guaranty. Holcombe v. Solinger & Sons Co., 238 F.2d 495, 499 (5th Cir.1956); Frank v. Williams, 36 Fla. 136, 18 So. 351, 353 (1895).
However, there is authority in Florida denying release of the guarantor where the extension of time operates for his benefit. Clark v. United Grocery Co., 69 Fla. 624, 68 So. 766, 769 (1915); Quarngesser v. Appliance Buyers Credit Corp., 187 So.2d 662, 665 (Fla. 3rd DCA 1966); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174, 178 (Fla. 4th DCA 1970). These cases are distinguishable from the instant case in that none of them involve guaranty agreements specifically limited to the “terms quoted on invoices.” Nor are the altered terms based on an agreement between the guarantee and the principal obligor subsequent to, and distinct from, the principal contract, as here, but were a mere indulgence or forbearance in extending the time of payment.
*1029 In the case sub judice the terms for payment of the debt were altered in an actual agreement between Pyne Corporation, the creditor, and Tri State, the principal debtor, without Bromlow’s consent. Furthermore, Bromlow’s letter of guaranty is specifically limited to the payment of Tri State’s debt to Pyne Corporation under the “terms quoted on invoices.” We hold that Bromlow should be held only to the strict terms of his guaranty since the alteration of terms was based on a valid agreement between Pyne Corporation and Tri State to which Bromlow did not consent.
REVERSED.
BOOTH, C.J., and WIGGINTON, J., concur.