Maridell **POWELL**, Independent Executrix of the Estate of Cloyce A. Powell, Deceased, Etc., Plaintiff-Appellant,

v.

William (Bill) McINTIRE, E.S.F., (Bud) Brainard, et al., Defendants-Appellees.

No. 27675

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 2, 1969.

John H. Splawn, Jr., Lubbock, Tex., for plaintiff-appellant; Splawn, Maner & Nelson, Lubbock, Tex., of counsel.

Jess C. Dickie, Culton, Morgan, Britain & White, Amarillo, Tex., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on Summary Calendar and to notify the parties in writing. See

Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

This suit arose from a collision on a rainslick, two-lane Texas highway. The car of decedent, Cloyce A. Powell, traveling east, collided with the pickup truck of defendants, traveling west. Judgment was entered for the defendants based on answers of the jury to numerous special interrogatories. Rule 49, Fed.R.Civ.P. The court overruled plaintiff's motion for new trial. There was no motion for a directed verdict and no motion for judgment n. o. v. What the appellant invokes, and all that she invokes, is the narrowly circumscribed review of the denial of a motion for new trial on the ground that the verdict is against the great weight of the evidence. E. g., Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co. v. Crapet, 199 F.2d 850 (5th Cir. 1952); 6A Moore, Federal Practice § 59.08[5], p. 3820.

■ Appellant's arguments are directed principally to two jury findings: that decedent was operating his car at an excessive speed which proximately contributed to the accident, and that the defendant driver did not discover decedent's position of peril at such time and at such distance that he could have avoided the occurrence using the means at his command consistent with his own safety. We have examined the testimony. It shows beyond question that the trial judge committed no reversible error in denying the motion for new trial. Indeed he would not have been justified in granting it. The evidence on both of the questioned issues of fact was in conflict, the jury made its findings of fact, and there the matter must end.

We may not, as urged by appellant, reject the testimony that she considers not credible and accept only that which is favorable to her.

Because the jury's finding required a judgment in favor of defendants the specification of error concerning the findings on damages become abstract.

Affirmed.