**CELANESE COATING COMPANY, a corporation, Plaintiff-Appellee,**

v.

**McKENZIE TANK LINES, INC., a corporation, Defendant-Appellant.**

No. 27821.

United States Court of Appeals Fifth Circuit.

Jan. 12, 1970.

W. Guy McKenzie, Jr., Tallahassee, Fla., for defendant-appellant.

A. Frank O'Kelley, Victor M. Cawthorn, Helen C. Ellis, Keen, O'Kelley & Spitz, Tallahassee, Fla., for plaintiff-appellee and cross-appellant.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM.

Devoe and Raynolds Company, predecessor in interest of Celanese Coatings, subleased from Liquid Tank Lines a tank trailer owned by Liquid Transporters, an ICC-certificated common carrier. The terms of the lease held Devoe responsible for service and maintenance of the trailer. September 16, 1964, Devoe delivered the trailer to McKenzie Tank Lines for routine service and maintenance. The trailer imploded while in McKenzie's custody.

June 2, 1967, Celanese Coatings sued McKenzie in a Florida federal district court seeking damages of $13,961.10. December 24, 1968, Liquid Transporters and Liquid Tank Lines joined Celanese as plaintiffs. The jury rendered a verdict of $5,000 for the plaintiffs. McKenzie appeals, contending that Celanese cannot recover because the lease under which Devoe held the trailer violated ICC regulations; furthermore, that when Celanese's cause fails, Liquid Tank Lines and Liquid Transporters are barred by the Florida three-year statute of limitations. Fla.Stat.Ann. § 95.11 (1960). Celanese, Liquid Tank Lines and Liquid Transporters cross-appeal, contending that the damages recovered are inadequate.

We find it unnecessary to determine the legality of the lease. Under Florida law, a bailee may maintain an action for damages to the bailed article while the bailment is in effect. Johnson v. Florida Brewing Co., 90 Fla. 148, 105 So. 319 (1925). Regardless of the legality of the lease, Devoe was bailee of the trailer, having rightful possession as against McKenzie and all but the owner and the immediate bailor. Therefore, the district judge correctly sustained this tort action.

McKenzie's statute of limitations argument against Liquid Tank Lines and Liquid Transporters is premised on the failure of Celanese's claim. Accordingly, we need not reach the issue whether the amendment joining them as plaintiffs was merely a joinder of additional parties or a substitution of parties which could toll the statute of limitations by relation back to the filing of the claim under the principles enunciated in Fed.R. Civ.P. 15(c) and 17(a) and the Advisory Committee's Notes, 39 F.R.D. 69, 82–85 (1965). Indeed, since the recovery sought by Celanese, Liquid Tank Lines and Liquid Transporters is one and indivisible, McKenzie is not harmed by their inclusion in the judgment.

We decline to second-guess the jury on the question of damages. Although Celanese presented evidence that its expenses, including repairs, replacement costs while repairs were taking place, and costs of transporting the trailer to the repair location, amounted to $13,961.10, McKenzie's expert witness testimony contested the reasonableness of the cost of the repairs, of the length of time the trailer was out of service, and of the need for some of the repairs. Our review of the denial of a motion for new trial on the grounds that the verdict is against the weight of the evidence is "narrowly circumscribed". Powell v. McIntire, 5 Cir., 1969, 415 F.2d 333. We find ample evidence here to sustain the jury's verdict.

We affirm the judgment of the district court.